■ In the Matter of the Claim of SIDNEY L. WELTMAN, Respondent. DEMPSEY-TEGELER & Co., INC., Appellant; MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— REYNOLDS, J. Appeal by the employer from a decision of the Unemployment Insurance Appeal Board holding that claimant was an employee of appellant. The sole question raised here is whether claimant, a registered representative of appellant, was an employee so as to render appellant liable for taxes on his commission earnings under the New York Unemployment Insurance Law. Claimant's status as an employee or, as urged by appellant, an independent contractor depends on whether there existed to a sufficient degree

a right of control by the appellant over the manner in which claimant performed his duties (*Matter of Morton* [*Miller*], 284 N. Y. 167). The determination as to whether sufficient control exists in a given case is factual and thus if supported by substantial evidence must be sustained (Labor Law, § 623; cf. *Matter of Dunn* [*Miller*], 265 App. Div. 1027; *Matter of Dunne* [*Miller*], 264 App. Div. 971, affd. 293 N. Y. 780; *Matter of Fidel Assn. of N. Y.* [*Miller*], 259 App. Div. 486, affd. 287 N. Y. 626, decided prior to the adoption of § 623). Here, while there are many factors in the relationship which suggest independence, there are also many which would portend an employment relationship. For example claimant was restricted to working solely for appellant; all correspondence he sent out was screened by an officer of the appellant; he worked on leads parceled out among its salesmen by appellant; and there were weekly sales meetings which, although not compelled to attend, he was expected to attend. Similarly, while not required to do so, he was expected to keep certain work hours. Finally, he was expected to perform diligently enough to justify his use of appellant's office space. Thus, on the present record we cannot say, as a matter of law, that the board could not find an employment relationship. Nor does the Internal Revenue Service ruling relied on by appellant dictate a contrary result. That order was ex parte and concerned another salesman whose activities for and relations with the appellant as revealed in the order do not correspond in many ways to those elicited concerning the claimant. Furthermore, even if the facts were identical, while Federal-State harmony would be desirable, the revenue ruling would be at most persuasive and for general guidance and would not be binding on the board. Decision affirmed, without costs. Gibson, P. J., Herlihy, Taylor and Aulisi, JJ., concur.