◼ In the Matter of the Claim of MARY F. WORTH, Respondent, v. C. T. HUBBELL LUMBER CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— *Per Curiam*. Appeal by the employer and its carrier from a decision and award of the Workmen's Compensation Board on the ground that there is no substantial evidence to support the board's determination that the claimant was an employee of the appellant-employer on May 24, 1961, the date of his accident. The question of the existence of an employment relationship in a given case is factual and thus the board's determination if based on substantial evidence must be affirmed (e.g., *Matter of Denman* v. *Many & Zanetti*, 8 A D 2d 576, affd. 8 N Y 2d 799). Moreover, various factors such as the right to control, the method of payment, the furnishing of equipment, the right to fire and the so-called relative nature of the work test are all relevant in determining whether an employment relationship exists, and "Employment can often be established on the basis of one of these factors alone." (*Matter of Grigoli* v. *Nito*, 11 A D 2d 581, 582; see 1A Larson, Workmen's Compensation Law, §§ 44.00, 44.31.) Here there is evidence which negates an employment relationship such as the fact that unlike other workmen of the employer no withholdings or social security was taken from claimant's pay, no fringe benefits were accorded him and no set working hours were prescribed and additionally that his tax returns indicated that he was "self-employed". On the other hand, there is evidence that he was paid on an hourly basis in the same manner as other employees were paid, that he utilized the employer's lumber and tools (in fact, this accident occurred when claimant was using the employer's power saw) and that his work assignments and activities while on the job were directed and controlled by the employer. On this state of the record the board's determination must be affirmed (e.g., *Matter of Alpern* v. *Sunny Croft Colony*, 12 A D 2d 828). Contrary to appellants' contention there was ample evidence supportive of the board's decision additional to the determination made by the Social Security Administration and the Internal Revenue Service. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum *Per Curiam*.