■ MARGERY HARRIS, an Infant, by ELLEN HARRIS, Her Mother and Natural Guardian, et al., Appellants, v. BETTY B. SISK, Respondent.— MEMORANDUM BY THE COURT. Appeal by the plaintiffs from a judgment of the Supreme Court, entered in the Chenango County Clerk's office on May 1, 1968, upon a jury verdict. The appellants contend that the verdict was not adequate. It appears that the verdict encompassed all of the special damages alleged by the infant plaintiff and that the future possibility of damage, and her pain and suffering was merely a question of fact for the jury. It further appears that the infant's mother individually recovered the amounts of money which she expended on behalf of the infant and that the jury did not necessarily have to accept or find that the mother was entitled to any further damages. Upon the present record the damages awarded do not appear to be inadequate as a matter of law. Judgment affirmed, without costs. Herlihy, P. J., Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by the court.

■ In the Matter of the Claim of ROSEMARY NICOTERA, Respondent. LOU-RIDGE BUILDERS, INC., Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— GREENBLOTT, J. Appeal by the employer from a decision of the Unemployment Insurance Appeal Board, filed February 10, 1967, holding that appellant became liable for contributions under the Unemployment Insurance Law commencing July 1, 1965 and that claimant was eligible for benefits. Appellant contends that it was not liable under the Unemployment Insurance Law, alleging that it did not pay remuneration of $300 or more in any calendar quarter (Labor Law, § 560, subd. 1). Claimant, employed on a part time basis as a clerk-typist, was paid $205.20 in the third quarter of 1965. A cleaning woman was paid $43.50 during that quarter. The total remuneration paid by appellant during that quarter, including sums paid to sales persons who, appellant contends, are independent contractors, was $2,494.43. There is substantial evidence in the record to support the board's findings that the sales representatives and the cleaning woman were employees and not independent contractors. The board was justified in its finding that: "The credible evidence established that the salesmen were employees of the employer. The fact that they worked on a commission basis is not decisive of the issue. Each salesman spent all of his time in the furtherance of the employer's business, and was furnished with the usual paraphernalia incident to the business, and spent considerable time at the model home showing it to prospective customers. The cleaning woman was not in an independently established business. All she sold was her services. She likewise was an employee of the employer." Decision affirmed, with costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Greenblott, J.