■ In the Matter of the Claim of JACK ROBINSON, Appellant, v NEW YORK COMMODITIES CORPORATION et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed June 10, 1976. The board found that the claimant was an independent contractor and not an employee of the New York Commodities Corporation. The board further found that claimant sold "canned meats and hams and he works out of his home; the employer does not make any deductions from his check except for Blue Cross and Blue Shield; the people from whom he takes orders send their money directly to New York Commodities; he goes from place to place in his own automobile; he was paid straight commission and then reported it on a form which applies to a non-employee; as to using his own car, he does not get reimbursed for mileage or any expenses of operating; he has an accountant who does his income tax and files a schedule for self-employed. On February 6, 1975, William Ziesel, Vice-President of Polish Meats for New York Commodities Corporation, testified that claimant is a broker and gets paid on a brokerage basis; there are no deductions for Federal or State withholding taxes on the payments made nor do they deduct Social Security and he is permitted to sell non-competing commodities; he is not reimbursed for travel or telephone calls or automobile expenses; as to hours and time, he is not directed in any way". The board's decision that the claimant was an independent contractor is supported by substantial evidence in the record and must be affirmed *(Matter of Baker v Burnett's Contr. Co.,* 40 AD2d 741; *Matter of Worth v Hubbell Lbr. Corp.,* 29 AD2d 1025). Decision affirmed, without costs. Koreman, P. J., Greenblott, Sweeney, Kane and Mahoney, JJ., concur.