In the Matter of the Claim of MARLENE FRIEND, Respondent.

AUDITS AND SURVEYS COMPANY, INC., Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 4, 1973, which modified a decision of the board dated April 3, 1972, adhering to the decision of the board filed November 6, 1969. The decision of October 6, 1969 found claimant eligible for benefits as an employee of appellant, Audits and Survey Co., Inc., and further assessed said appellant, as an employer, the sum of $9,562.69 as contributions under the provisions of the Unemployment Insurance Law (Labor Law, art 18). The sole issue presented is whether or not claimant and others similarly situated were employees of appellant or independent contractors. Appellant is a company engaged in market research. It employs economists, statisticians and psychologists. It also engages interviewers, "store auditors" and "agencies". Appellant conducts surveys and store audits to determine the attitudes and behavior of people. In conducting its surveys, appellant uses interviewers. People apply to appellant, usually by letter, and they are sent a "Field Interviewer Application" which they fill out and return to appellant. Most of the interviewers are housewives who can work only on a part-time basis. Those that accept assignments are given instructions. Sometimes the interviewers are asked to come to the appellant's office for a briefing session. The interviewer receives a map and questionnaires. The interviewer is also given invoice forms on which to list the hours that the interviewer worked, the miles that the interviewer traveled, other expenses incurred, and the total number of interviews conducted. The interviewers are paid by the hour for their work. Their work consists of conducting interviews in accordance with the questionnaires supplied by the employer in a geographical area assigned by appellant. They are usually not assigned specific hours at which the interviews are to be conducted. The interviewers are reimbursed for travel and telephone expense. The assignment must be completed by a specific time, although enough time is usually given for the interviewer to make her own schedule. The interviewers are covered by the appellant under workmen's compensation. If the work is late or in poor condition, the employer will not pay. Interviewers are free to work for other employers at all times. No deductions are made from their pay as would be done with regular employees. Most interviewers report their earnings as business income on their income tax forms. With regard to store auditors, the situation is substantially the same as with interviewers. The store auditors do not conduct interviews. They contact an assigned number of stores of an assigned type within an assigned geographical area. By conducting a number of audits at the stores, the demand for a particular item in a particular area at a particular time is determined. The decision appealed from held that: "It is significant to me that the actual work of the interviewers consisted of asking a series of questions prepared by the employer and noting the responses of the people being interviewed. There appears to have been little room for the interviewers to exercise their own judgment in the performance of their work. It is also significant to me that the interviewers were mostly housewives whose base of operations was their own home rather than places of business established by them. It is significant that the employer used its own forms for the reporting of time and expenses by the interviewers. It is significant that the employer covered the interviewers under Workmen's Compensation. The fact that the interviewers were not closely supervised in the actual performance of their work is not significant since the nature of the work makes that impossible. The employer did validate the work of the interviewers to the extent that it was possible to do so. There was sufficient supervi-

sion, direction and control of the interviewers to constitute an employer-employee relationship." Whether an individual is an employee or an independent contractor depends on the existence of a right of control in respect to the manner in which his work is to be done *(Matter of Morton [Miller],* 284 NY 167). An employee works under instructions and orders of the employer as to the way "she does her work"; the independent contractor may use her own discretion in doing it. In the instant case, the holding that there was sufficient control over the interviewers and auditors by the employer to create an employer-employee relationship, is supported by substantial evidence *(Matter of Messer Assoc. [Catherwood],* 33 AD2d 952; *Matter of Weltman [Dempsey-Tegeler & Co.—Catherwood],* 25 AD2d 914). Since this is a factual determination, we must accept the board's decision as final and conclusive *(Matter of Nicotera [Catherwood],* 33 AD2d 584; *Matter of Hawley [Catherwood],* 30 AD2d 1002). Decision affirmed, without costs. Greenblott, J. P., Kane, Staley, Jr., Main and Herlihy, JJ., concur.