■ In the Matter of VAN WAES & ASSOCIATES REALTY, INC., Appellant. PHILIP Ross, as Industrial Commissioner, Respondent.—Appeal from decisions of the Unemployment Insurance Appeal Board, filed August 11, 1978 and January 17, 1980, insofar as they sustain the determination of the Industrial Commissioner assessing the employer additional contributions for the period January 5, 1975 to September 30, 1976. The first issue presented on this appeal is whether there is substantial evidence in the record to sustain the board's finding that four brokers, who have incorporated into a real estate firm in which they hold equal shares, and real estate salesmen employed by the firm are all employees of the firm and not independent contractors. It has been held in such cases that an analysis of the employer's right to exercise control over the sales personnel is determinative of the issue *(Matter of Niven Realty [Levine],* 43 AD2d 1002). The real estate salesmen were engaged by the corporation pursuant to a written agreement. No deductions were made for taxing purposes from commissions paid them. Salesmen paid all their own expense for business materials, including business cards and other printed matter, and bore, as well, expenses for their own cars and entertainment. The salesmen were not assigned to specific locations, nor were they required to attend office conferences, seminars or to spend assigned time covering the office floor. They received no training from the corporation. They took business calls at home as well as at the office. All salesmen were members of the realty board from which they received multiple listings and according to whose rules they had to comply in the division of commissions. Each salesman kept his own listing records. They were not required to notify the employer as to time off or vacation time. No schedule was established to control such periods. Salesmen set their own sales price and closed contracts on their own authority. No specific listings were given to the salesmen to follow up or appointments made for them with clients or potential customers. The agreement between the corporation and the salesmen called for salesmen's compliance with rules and regulations binding on them by operation of law. The corporation made its officers and secretary available to the salesmen. The salesmen in return paid to the corporation a percentage of their commission in accord with an agreed commission schedule. Either party could cancel the agreement on written notice to each other. After termination of the contract, the salesmen were paid any commissions accrued but not yet collected. Based on all the evidence adduced, we conclude that there is an absence of substantial evidence to support the board's determination that the salesmen were employees. There was a lack of control and direction of the salesmen necessary to constitute an employer-employee relationship. They functioned

as contractors *(Matter of Sirotkin Travel [Ross],* 63 AD2d 1095). The second matter at issue involves the four brokers who owned the realty corporation in equal shares. The same contractual arrangement applicable to the salesmen applied to each of them. However, their duties entailed, as well, the managerial functions of the realty company. They signed checks and otherwise made decisions for the corporation, such as, purchase of a second office, and whom to engage as salesmen, and so forth. They held annual meetings and divided the income of the corporation amongst the four of them, as dividend income, on an annual basis. They were not allowed to sell real estate for other real estate brokers. The record contains sufficient evidence that the officers-brokers performed the ordinary and usual services that would be performed by officers of a realty corporation and were employees of the corporations *(Matter of Voss Co. [Lubin],* 2 AD2d 626). The board found the cleaning woman who cleaned the company's offices to be an employee as well. Pursuant to an agreement with the company, she performed the janitorial services required to maintain the office in accordance with the standards of the owner. The inference drawn that she was an employee is supported in the record *(Matter of Burket [Mizer],* 25 AD2d 704). Decisions modified, by reversing so much thereof as found that real estate salesmen engaged by the employer were employees, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith, and, as so modified, affirmed, with costs to the employer. Kane, J. P., Staley, Jr., Mikoll and Casey, JJ., concur; Herlihy, J., dissents and votes to affirm.