■ In the Matter of FOUNDATION FOR THE OPEN EYE, INC., Appellant. PHILIP Ross, as Industrial Commissioner, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 18, 1980, which assessed the employer the sum of $4,514.07 as contributions due for the audit period from July 1, 1973 through September 30, 1975. The Foundation for the Open Eye, Inc. (Foundation), is a nonprofit corporation organized to promote the performing arts. Its purpose is to assist, develop and encourage artists to stage new productions. During the period in question, from July 1, 1973 to September 30, 1975, various artists were associated with the Foundation. In December, 1975, unemployment insurance taxes were assessed against the Foundation for payments made to the artists during the period in question. After a hearing and on August 5, 1976, a referee concluded that the artists were not employees and, therefore, the Foundation was not liable for unpaid taxes. No appeal was taken to the board. Thereafter, on March 10, 1977, the Industrial Commissioner requested the board to reopen and reconsider the referee's decision. Permission was granted and, after a hearing, the board, in a decision filed December 2, 1977, reversed the referee. On June 19, 1980, the board granted the Foundation's request for reopening and reconsideration of its December 2, 1977 decision. The board adhered to its previous decision and this appeal ensued. Initially, the Foundation contends that the 1977 reopening and reconsideration of the August 5, 1976 decision of the referee by the board was an abuse of discretion. The record demonstrates that in the fall of 1975, the Foundation began exerting more control over the artists and admittedly deemed the artists employees thereafter. Subsequent to this time, some of the artists were laid off and applied for unemployment insurance. The Foundation considered the length of service from early October, 1975 to the date of termination. A form supplied by the State to the Foundation covered the entire year. The Foundation answered an inquiry on the form as to whether it was subject to the Unemployment Insurance Law during the entire period in the affirmative. It was in light of this affirmative answer that the Industrial Commissioner requested reopening and reconsideration of the August 5, 1976 decision. Although there was no appeal by the Foundation from the board's 1977 decision, review of the merits of that decision may be obtained upon the instant appeal from the board's subsequent decision filed September 18, 1980 which, upon the granting of reopening, adhered to the original decision (see *Matter of De Siato [Ross]*, 74 AD2d 988, 989). In any event, subdivision 3 of section 620 of the Labor Law specifically empowers the board to exercise continuing jurisdiction over a referee's decision, even in the absence of an appeal (see *Matter of Smalt [Ross]*, 82 AD2d 958) and the issue of whether the board should reopen a decision is a matter addressed to the board's discretion (*Matter of Capitol Hill Reporting [Ross]*, 64 AD2d 778, mot for lv to app den 45 NY2d 713). We find no abuse of that discretion in the present case. We now pass to the merits. The record establishes that the artists were paid $50 per week, and more money when they were on tour; that they also received an allowance to cover expenses while on tour; that the employer supplied all costumes, scenery, music and lighting necessary for the various productions staged; that rehearsals were set by the artistic director; and that while on tour the performers agreed to abide by a set of working rules established by the Foundation after a company meeting. These facts, together with the affirmative answer on the form stating that the Foundation was covered by the Unemployment Insurance Law during the entire period in question, provide sufficient support for the board's determination that the artists were employees. While there was other testimony indicating a contrary relationship, the conflict presented questions of fact for the board to determine (see *Matter of*

*MNORX, Inc. [Ross]*, 46 NY2d 985). Since the board's finding on the issue of the artists' employment status is supported by substantial evidence, we should not disturb it (see *Matter of Villa Maria Inst. of Music [Ross]*, 54 NY2d 691; *Matter of Electrolux Corp.*, 288 NY 440). Respondent concedes, however, that the board left unresolved the issue of whether any expense payments made constitute taxable remuneration and, thus, a remittal of the matter is necessary for a determination of this issue. Decision modified, by reversing so much thereof as assessed the employer the sum of $4,514.07 as contributions due for the audit period in question, and matter remitted to the board for further proceedings not inconsistent herewith, and, as so modified, affirmed. Sweeney, J. P., Main, Casey, Mikoll and Weiss, JJ., concur.