OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the determination of the Unemployment Insurance Administrative Law Judge reinstated.
The decision of the Unemployment Insurance Appeal Board that petitioner’s real estate salespersons are “employees” and that respondent thus properly assessed petitioner for additional contributions for unemployment insurance is not supported by substantial evidence. A determination that an “employer-employee” relationship exists must rest upon evidence that petitioner exercises control over the results produced by its salespersons or the means used to achieve the results (Matter of Sullivan Co. [Miller], 289 NY 110). The only rational conclusion that can be drawn from the record on this appeal is that such control is lacking and that the salespersons are therefore appropriately to be considered independent contractors rather than employees of petitioner.
The following characteristics are illustrative of the nature of the relationship between petitioner and its associated salespersons: salespersons are paid commissions upon gross sales, if any, without deduction for taxes, and are not entitled to draw against commissions; they are permitted to work whatever hours they choose (although a voluntary *898 time schedule has been set up by the salespersons themselves, to which not all adhere), out of their own homes or petitioner’s office, and are free to engage in outside employment; petitioner provides limited facilities and supplies for the use of salespersons, but the salespersons otherwise bear their own expenses; attendance at periodic sales meetings is not required; whatever initial training is provided by petitioner may be availed of or not at the salesperson’s option; a group insurance plan covers the salespersons, but the salespersons themselves pay the premiums; and, while petitioner assigns leads to salespersons on a rotating basis, the majority of leads come from the salespersons themselves. In the face of uncontradicted evidence of these characteristics of petitioner’s relationship with its salespersons, it cannot be said that substantial evidence exists to support the finding of the appeal board that the relationship is one of employment (Matter of Watz [Equitable Life Aissur. Soc. of U. S. —Ross], 60 AD2d 259, affd 46 NY2d 876; Matter of Barrett [Stovroff & Herman — Ross], 56 AD2d 688).
Although respondent has not pressed the argument on this appeal, we note further that the appeal board’s reliance on the Secretary of State’s regulation (19 NYCRR 175.21) regarding broker supervision over real estate salespersons is misplaced. The existence of this regulation and its imposition of responsibility upon the broker is an insufficient predicate, by itself, on which to base a finding that the relationship is not one of independence but of employment (see Matter of Sullivan Co. [Miller], 289 NY 110, supra; Matter of McCabe & Willig Realty [Ross], 80 AD2d 935).
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order reversed, with costs, and matter remitted to the Appellate Division, Third Department, with directions to remand to the Unemployment Insurance Appeal Board for further proceedings in accordance with the memorandum herein.