■ In the Matter of POLY PAINTERS, LTD., Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 16, 1980, which assessed the employer the sum of $24,957.62 as additional contributions due for the audit period from January 1, 1975 through June 30, 1978. Appellant is a general painting contractor. The president of appellant testified that he would obtain contracts to do painting jobs and then retain the services of other painters to do the work for a specific sum. He also testified that appellant employed a foreman that supervised the painters, checking their work to make sure, for example, that if two coats of paint are required they are applied; that appellant fixed the time periods during which the jobs were to be completed; and that if the job was not done to appellant's satisfaction it would have to be completed satisfactorily by the painter. Evidence was also submitted at the hearing indicating that appellant carried painters on his workers' compensation policy and that the painters in question did not have business listings in the telephone book. The board found that the painters performing services for appellant during the period in issue were employees and not independent contractors and assessed the appellant for additional contributions. This appeal ensued. While no single factor alone is conclusive in determining whether an employer-employee relationship exists, one significant factor to be considered is the amount of control exercised over the individuals in question (*Matter of Wells [Utica Observer-Dispatch & Utica Daily Press — Roberts],* 87 AD2d 960). Although other testimony presented indicates a relationship contrary to that found by the board, such a conflict presented questions of fact for the board to resolve (*Matter of Foundation for Open Eye [Ross],* 86 AD2d 931). The record as a whole contains substantial evidence to support the decision of the board and, therefore, it should be affirmed (*Matter of Kaiser [Woodmen of World Life Ins. Soc. — Ross],* 53 NY2d 949). Decision affirmed, without costs. Sweeney, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.