■ In the Matter of UNIVERSAL HOME INSPECTION, INC., Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of

the Unemployment Insurance Appeal Board, filed January 4, 1982, which, upon reconsideration, reversed the decision of an administrative law judge and sustained the initial determination of the Commissioner of Labor assessing the employer the sum of $1,307.61 as contributions due for the audit period from January 1, 1977 through December 31, 1979. Appellant is in the business of inspecting homes for prospective buyers. The services of three civil engineers were used by appellant in this business pursuant to agreements which provided that appellant would train the engineers in the methods and procedures to be followed in the inspection of homes; that the engineers would be reasonably available to make at least two home inspections per week; that the engineers would receive 35% of the inspection fee plus 100% of an additional mileage fee as charged to a customer; that the engineers would provide appellant with a report, photograph of the home and all data required in accordance with appellant's standards; and that the engineers were restricted during the terms of the agreements and for two years thereafter from becoming involved either directly or indirectly with any business of the type and character of business engaged in by appellant. Appellant's president testified that he took the engineers on four or five training inspections; that the engineers were expected to submit reports consistent with the format developed by appellant's president; and that appellant provided the engineers with business cards for identification purposes. The board found that these engineers who served as inspectors for appellant were employees of appellant and not independent contractors and assessed appellant for contributions. This appeal ensued. Whether an employer-employee relationship exists is a question of fact for the board with no single factor alone being determinative (*Matter of Publications Data [Ross]*, 78 AD2d 747). Contrary to appellant's contention, the record contains substantial evidence to support the board's determination on this issue and, therefore, the decision of the board must be sustained (see *Matter of Kaiser [Woodmen of World Life Ins. Soc. — Ross]*, 53 NY2d 949). Decision affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.