■ In the Matter of the Claim of TINA MIKULSKI, Respondent. O'KEH CATERERS CORP., Appellant; LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 23, 1981, which determined that claimant was an employee and not an independent contractor, that the employer was liable for unemployment insurance contributions based upon claimant's earnings and those of all other persons performing services under similar circumstances, and that claimant was eligible to receive unemployment benefits effective February 23, 1981, without any disqualifying conditions. Appellant is a distributor of prepared foods to large industrial and small commercial firms' employees at their place of employment. Claimant testified that she rented a truck that was owned, maintained and insured by appellant; that the truck was kept on appellant's premises when not in use and that it had appellant's

name on the side; that she had a prearranged schedule of stops set by the employer and she could not change the times on this schedule; that she was not allowed to sell merchandise from anyone else and she had no control over the prices of the merchandise; that for the first two weeks she worked for appellant she was paid on a salary basis and was trained by appellant; and that when she missed a scheduled day of work an employee of appellant took over her route and she was required to pay $40 to appellant. The board found that claimant was an employee and held the employer liable for contribution based upon claimant's earnings and those of all others performing services under similar circumstances. Claimant was also found eligible to receive benefits without any disqualifying conditions. This appeal ensued. Appellant contends that the board's determination concerning an employer-employee relationship is not supported by substantial evidence. In making such a determination, no single factor alone is conclusive and each case must be decided on its own facts (*Matter of Wells [Utica Observer-Dispatch & Utica Daily Press — Roberts]*, 87 AD2d 960). The determination that an employer-employee relationship exists, however, must rest upon evidence that appellant exercised control over the results produced or the means used to achieve the results (*Matter of 12 Cornelia St. [Ross]*, 56 NY2d 895). Although conflicting evidence was presented on this issue by witnesses for appellant, such a conflict merely raised questions of fact for the board to resolve (see *Matter of MNORX, Inc. [Ross]*, 46 NY2d 985). Upon examination of the entire record, we are of the opinion that, while there is some evidence to support a contrary conclusion, there is substantial evidence to support the board's finding that claimant was an employee and not an independent contractor. Accordingly, the decision of the board should not be disturbed (see *Matter of Foundation for Open Eye [Ross]*, 86 AD2d 931). We have examined appellant's remaining arguments and find them unpersuasive. The decision of the board must be affirmed. Decision affirmed, without costs. Mahoney, P. J., Sweeney, Yesawich, Jr., Weiss and Levine, JJ., concur.