■ In the Matter of MARTIN STROLL, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 19, 1981, which assessed the employer the sum of $829.98 as contributions due for the audit period from January 1, 1978 through December 31, 1980. Appellant is a manufacturer's representative who sells bathroom accessories, linens and household goods to various stores. During the audit period in question, appellant utilized the services of salesmen to assist him in selling his lines. It appears from appellant's testimony at the hearing that these salesmen were paid by appellant a service fee for checking inventory in certain stores and also a 2% commission on all sales; that appellant turned his small accounts over to the salesmen and supplied them with order forms; that appellant supplied the salesmen with samples to be returned to him upon termination of their relationship; that appellant was paid by the manufacturer and in turn he paid the salesmen; that according to a contract executed by appellant and the salesmen, the salesmen were required to give two weeks' notice prior to terminating their relationship; that appellant paid the salesmen a flat fee for travel expenses; and, most significantly, that during their relationship with appellant the salesmen were prohibited from carrying competing lines and for one year after termination of the relationship the salesmen were prohibited from carrying appellant's lines or any competing lines. The board found that the salesmen in question were employees of appellant and not independent contractors and assessed appellant for contributions. This appeal ensued. Whether an employer-employee relationship exists is a question of fact for the board with no single factor alone being determinative (*Matter of Publications Data* [*Ross*], 78 AD2d 747). The finding of such a relationship, however, must rest upon evidence that appellant exercised control over the results produced by the salesmen or the means used to achieve the results (*Matter of 12 Cornelia St.* [*Ross*], 56 NY2d 895). While other evidence presented indicates a relationship contrary to that found by the board, such a conflict presented questions of fact for the board to resolve (*Matter of Foundation for Open Eye* [*Ross*], 86 AD2d 931). We are of the view that the record as a whole contains substantial evidence to support the decision of the board and, therefore, it must be affirmed (see *Matter of Kaiser* [*Woodmen of World Life Ins. Soc. — Ross*], 53 NY2d 949). Decision affirmed, without costs. Mahoney, P. J., Sweeney, Yesawich, Jr., Weiss and Levine, JJ., concur.