■ In the Matter of the Claim of BARNEY A. ADAMO, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 9, 1982, which affirmed the decision of an administrative law judge sustaining an initial determination of the Commissioner of Labor holding claimant ineligible to receive benefits effective September 14, 1981 on the ground that he did not file a valid original claim in that he did not have sufficient weeks of covered employment in his base period. During a substantial portion of his base period, claimant provided services as a trainer and driver of harness horses for one Michael Acerno. At a hearing, claimant testified that such services were paid for by check with nothing withheld such as taxes; that while working for Acerno he did not provide services to anyone else, but he was allowed to if he so desired; that the only directions he received from Acerno concerned where to take the horses at certain times for races; and that he obtained supplies on his own credit but the bills were paid by Acerno. Evidence was also presented indicating that claimant had no specific hours to work, did not have to call in if he was not coming to work and did not have to have approval to take a vacation but only needed to get a replacement himself. The board found that while providing services to Acerno, claimant was an independent contractor and, therefore, his weeks of work and earnings during this period were not covered employment. Thus claimant did not file a valid original claim and he was denied unemployment insurance benefits. This appeal ensued. Claimant's sole contention on this appeal is that there is a lack of substantial evidence to support the board's finding that he was an independent contractor rather than an employee. The issue of whether a claimant is an employee or an independent contractor is a factual one for the board's resolution (*Matter of Szymanski* [*Meyer — Roberts*], 89 AD2d 691). Although no single factor alone is conclusive in resolving this issue, the amount of control exercised over the claimant is a significant factor to be considered (*Matter of Poly Painters* [*Roberts*], 89 AD2d 1027). Contrary to claimant's assertion, the decision of the board is supported by substantial evidence and, consequently, it must be affirmed (*Matter of Publications Data* [*Ross*], 78 AD2d 747). Decision affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Main and Casey, JJ., concur.