(May 12, 1983)

■ In the Matter of BASCH CONSTRUCTION, INC., Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 1, 1982. Appellant seeks review of a board decision finding that its sales people are employees, rather than independent contractors. Since each case in this area presents a distinct factual pattern, and since no one factor is conclusive, each case must be decided on its own facts (*Matter of Mikulski [O'Keh Caterers Corp.* — *Roberts]*, 90 AD2d 633, 634), guided by the general proposition that the board's finding of an employer-employee relationship "must rest upon evidence of control over the results produced or means used to achieve the results" (*Matter of 12 Cornelia St. [Ross]*, 56 NY2d 895, 897). Applying this standard, we conclude that the board's finding of an employer-employee relationship between appellant and its sales people must be sustained, for there exists in the record evidence that appellant controls the means used by its sales people to achieve the results, and, therefore, the decision is supported by substantial evidence. The evidence of control comes from the testimony of a salesman who worked for appellant from December, 1980 through March, 1981, which is subsequent to the period at issue — 1975 through 1977. His testimony shows an effective, efficient, well-organized sales operation, involving substantial instruction, direction and supervision by appellant. Appellant's president testified that although the nature of the company's business remained the same during the period 1975 through 1981, the sales operation during the period 1975 through 1977 was loosely organized and informal, with all details of canvassing and selling left to the discretion of the sales people, except final acceptance of the contract. The board chose not to believe the president's testimony, based largely upon evidence that appellant's business increased more than tenfold during the period 1975 to 1980, which the board found unlikely to occur under the loosely organized, informal sales operation described by the president. Questions of credibility and the inferences reasonably to be drawn from the evidence are for the board, and its findings in these matters cannot be disturbed if they are supported by substantial evidence (*Matter of Di Maria [Ross]*, 52 NY2d 771, 772). Since the board's finding concerning the credibility of appellant's president is based upon a reasonable inference drawn from evidence in the record, it has a rational basis, and the substantial evidence test, therefore, has been met (see *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 182). Accordingly, the decision should be affirmed. Decision affirmed, without costs. Mahoney, P. J., Kane, Casey, Mikoll and Levine, JJ., concur.