■ In the Matter of WILLIAM B. TRILLING ASSOCIATES, Doing Business as CENTURY 21, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board,

filed March 16, 1982. The employer appeals from a decision of the board finding that its salespeople are employees rather than independent contractors. In cases such as this, we are guided by the general proposition that the board's finding of an employer-employee relationship "must rest upon evidence of control over the results produced or means used to achieve the results" (*Matter of 12 Cornelia St.* [*Ross*], 56 NY2d 895, 897; see, also, *Matter of Basch Constr.* [*Roberts*], 94 AD2d 846). Applying this standard, we are unable to conclude that the board's finding of an employer-employee relationship between appellant and its salespeople is supported by substantial evidence in the record. Appellant corporation is engaged in the real estate business and as part of this endeavor engages real estate salespersons. The salespersons are paid commissions upon sales, if any, without deduction for taxes, and are not entitled to draw against commissions. The salespersons were permitted to work whatever hours they chose, although, as in *Matter of 12 Cornelia St.* (*Ross*) (*supra*), a voluntary time schedule was set up by the salespersons themselves. The salespersons were free to engage in outside employment. Appellant, as the employer did in *Matter of 12 Cornelia St.* (*Ross*) (*supra*), provided limited facilities, and there were no assigned desks, territories, or offices. Salespersons personally paid for their business expenses, including their licenses, private automobiles, business cards, and Century 21 jackets (none of which were required by appellant). No insurance coverage was provided. In sum, the factual pattern here is strikingly similar to that encountered in other cases (see, e.g., *Matter of 12 Cornelia St.* [*Ross*], *supra; Matter of McCabe & Willig Realty* [*Ross*], 80 AD2d 935; *Matter of Van Waes & Assoc. Realty* [*Ross*], 76 AD2d 1016), all of which held that the facts failed to establish that the principal exercised such control over the sales agents so as to constitute an employer-employee relationship. The decision of the board should therefore be reversed. Decision reversed, with costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Mahoney, P. J., Sweeney, Kane, Weiss and Levine, JJ., concur.