■ In the Matter of MELVIN HERZBERG, Respondent. MAJOR MUFFLER CENTERS, INC., Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 21, 1983, which held the employer liable for contributions on remuneration paid to claimant and all other persons who performed services under similar circumstances. The employer is a domestic corporation which sells mufflers and other auto parts to automobile repair shops, service stations and automobile dealers. Claimant responded to a newspaper advertisement for a sales manager and was retained by the employer pursuant to a contract which designated him as an independent contractor. Claimant was to receive a $400 weekly draw against commissions and was paid weekly after the employer made an accounting. Claimant was not reimbursed for expenses, was not covered by workers' compensation and had no deductions taken from his weekly commission for taxes. Claimant, who was to make sales himself or to hire sales personnel, was assigned a specific sales territory and was provided with leads by the employer, although he was not restricted to those leads. Claimant was permitted to use the employer's office facilities, although the parties disagreed as to whether claimant had to be, or was, in the office every day. Claimant was provided with price lists by the employer. He could sell only at the fixed price, could not sell competing products, had no authority to approve or reject contracts of sale, and was provided with standard contracts by the employer. Customers were billed by, and made payments directly to, the employer. The employment contract contained restrictive conditions prohibiting claimant from doing business with any of the employer's customers for a period of two years after the termination of claimant's employment. Claimant filed an original claim for benefits effective March 15, 1982 and was ruled eligible for benefits. The employer was held liable for contributions on remuneration paid to claimant. The employer protested and contended that claimant was an independent contractor and not an employee. After a hearing on September 3, 1982, the administrative law judge found that there was sufficient supervision, direction and control over claimant's activities by the employer to establish an employer-employee relationship. The appeal board affirmed that decision and the employer appeals. In determining whether an employer-employee relationship exists, it is well established that each case must be decided on its own facts and that no single factor alone is conclusive

(*Matter of Concourse Ophthalmology Assoc.* [*Roberts*], 89 AD2d 1047). However, a critical factor which supports a determination of an employer-employee relationship is evidence that the alleged employer "exercises control over the results produced by its salespersons or the means used to achieve the results" (*Matter of 12 Cornelia St.* [*Ross*], 56 NY2d 895, 897; see, also, *Matter of Poly Painters* [*Roberts*], 89 AD2d 1027). In the instant case, while there is some evidence to support the employer's contention of claimant's independent contractor status, the weight of the evidence points to an employer-employee relationship. That is, claimant was entitled to a draw against his commissions, was assigned to a specific sales territory, had no authority to approve contracts, sold the employer's products at a fixed price and could not sell competing products and was restricted from selling to the employer's customers for two years after the termination of his employment (*Matter of Universal Home Inspection* [*Roberts*], 89 AD2d 1050; cf. *Matter of Watz* [*Equitable Life Assur. Soc. — Ross*], 60 AD2d 259, 261-262, affd 46 NY2d 876). An examination of the record reveals substantial evidence to support the board's finding that claimant was an employee rather than an independent contractor. Accordingly, the board's decision should not be disturbed (see *Matter of Kaiser* [*Woodmen of World Life Ins. Soc. — Ross*], 53 NY2d 949). Decision affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Main and Casey, JJ., concur.