■ In the Matter of TED IS BACK CORPORATION, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 2, 1983, which held the employer liable for unemployment insurance contributions of $6,079.83 for the audit period from January 1, 1979 through September 30, 1981 on remuneration paid to salespersons. ¶ Petitioner appeals from a decision of the board finding that salespeople are employees rather than independent contractors. In determining whether an employer-employee relationship exists, evidence must be adduced establishing that petitioner exercises control over the results produced by its salespersons or the means used to achieve the results (*Matter of 12 Cornelia St. [Ross]*, 56 NY2d 895, 897). On the present record, we are unable to conclude that the board's finding of an employer-employee relationship is supported by substantial evidence. Petitioner is engaged in the installation of aluminum siding on residential dwellings. Its headquarters is furnished only with two desks and telephones. The salespersons, numbering between 30 and 40, have no written employment agreement with petitioner. They are paid on a commission basis only, with no drawing account. No deductions are made for taxes. They are permitted to work whatever hours they choose and are not restricted in the territory in which they may sell. They are free to engage in outside employment. The salespersons are not reimbursed for any of their expenses. ¶ The facts contained in the record fail to establish that petitioner exercised such control over its salespersons so as to constitute an employer-employee relationship (see *Matter of 12 Cornelia St. [Ross]*, supra; *Matter of Green Engraving Corp. [Roberts]*, 95 AD2d 904; *Matter of Trilling Assoc. [Roberts]*, 94 AD2d 919). The salespersons were independent contractors. ¶ Decision reversed, with costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Main, J. P., Mikoll and Harvey, JJ., concur.

Casey and Yesawich, Jr., dissent and vote to affirm in the following memorandum by Casey, J. Casey, J. (dissenting). In our view, substantial evidence supports the board's determination and its decision should be affirmed.