■ In the Matter of WANT AD DIGEST, INC., Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed December, 1, 1983, which assessed the employer the sum of $3,930.77 as contributions due for the audit period from January 1, 1979 through December 31, 1981.

Want Ad Digest, Inc. (hereafter Want Ad) publishes in catalogue form a digest of advertisements for the sale of personal property by the respective owners. The catalogue is published biweekly and is distributed for sale to various stores and other suitable outlets in the Capital District and surrounding counties. The individuals who distribute the catalogues (hereafter distributors) take them to the respective outlets within the particular area they serve and are paid a commission by Want Ad based on the number of issues that are sold.

The Administrative Law Judge found, in pertinent part, "It is significant that the price of the magazine is set by the employer [and] that the delivery persons have exclusive accounts [and] it

is significant that regular reports must be submitted by the delivery person in a form designed by the employer. It is a position whereby it can control the earnings of the delivery persons." The board adopted these findings "except that we also find that the employer controlled the terms of the sale of its product, and provided racks with its name for certain of its customers". Based upon these findings, the board concluded that the distributors were employees of Want Ad and, accordingly, assessed additional contributions. Want Ad's appeal presents, once again, the oft-encountered issue of whether a determination as to an employee relationship is supported by substantial evidence.

A universally applicable test to determine the existence of an employer-employee relationship in a given case is not available (*Matter of Smith* [*Catherwood*], 26 AD2d 459, 460). While each case must be decided on its own particular facts (*id.,* at p 461), we look to the course previously charted on this issue and in particular, by reason of their similarity, to *Matter of 12 Cornelia St.* (*Ross*) (56 NY2d 895) and *Matter of Watz* (*Equitable Life Assur. Soc. — Ross*) (46 NY2d 876), and authorities cited therein, for direction. In sum, they instruct that while all of the relevant criteria concerning the relationship must be considered and balanced one against the other, the question of control is of paramount importance.

Review of the record discloses the following facts relevant to the characteristics of the relationship: the distributors are paid no salary but receive commissions based upon sales; Want Ad does not withhold funds for any purpose or reason; the distributors use their own vehicles and receive no expense allowance of any kind and are not covered by insurance of any kind by Want Ad; any so-called exclusivity of routes or areas is the result of agreement among the distributors rather than from contract with or direction from Want Ad; the distributors set their own hours and are free to sell or deliver any other products while on their route and all are engaged in other endeavors; no sales or instructional meetings are held; and the distributors select and train their own substitutes and, upon relinquishing the route upon retirement or for other reasons, sell to an individual of their choice, retain the proceeds and train the purchaser. These criteria are all characteristic of an independent relationship.

Moreover, as to the board's findings set forth above, we attach no relevance to the fact that Want Ad fixes the price of its own product. Furthermore, the board's conclusion that Want Ad controls earnings and the terms of sale is unsupported by substantial evidence. While the form used may be prepared by

Want Ad, the distributors pay their proportionate share of the printing costs and the form serves only to record the transactions and show commissions due and evidences no control over the distributors. The distributors' sales accounts are charged for the racks when they are used and they install them with their own tools. While the form of the contract provides for a geographical area to be included, the testimony demonstrates that routes and territories are established by the distributors themselves without participation by Want Ad.

A determination that an "employer-employee" relationship exists must rest upon evidence that petitioner exercises control over the results produced by its salespersons or the means used to achieve the results (*Matter of 12 Cornelia St. [Ross]*, *supra*, p 897; *Matter of Sullivan Co. [Miller]*, 289 NY 110). No such control has been established here. Under the circumstances prevailing, it must be concluded that the board's decision is not supported by substantial evidence. The only rational conclusion is that the relationship is bottomed upon independence rather than servitude.

Decision reversed, with costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.