■ In the Matter of the Claim of MARY E. MURELLO, Respondent. ADAMS DARCY ART, INC., Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Levine, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed

November 22, 1983, which held the employer liable for contributions on the remuneration paid to claimant for the audit period from October 1, 1982 to December 31, 1982.

Adams Darcy Art, Inc. (Adams) is a commercial art studio which prepares advertising sales promotional material. During peak business periods, Adams hired part-time mechanical artists in addition to those already on its staff. Claimant was first hired in this capacity in October of 1982. The record discloses that claimant did all of her work for Adams on its premises, to which she was required to report between 9:00 and 10:00 A.M. on each day worked.

Claimant brought her own small tools, but all other materials were supplied by Adams. She was assigned specific work and given instructions by Adams as to how to perform it. After the work was completed, Adams reviewed it and required corrections to be made as needed. Claimant was paid by the hour and filled out the same time records as did Adams' full-time employees.

The Unemployment Insurance Appeal Board found that claimant was an employee and not an independent contractor during the period in question, and it accordingly assessed Adams additional contributions. This appeal by Adams ensued.

The issue of whether an employer-employee relationship exists is a factual one for the Board's resolution (*Matter of Adamo [Roberts]*, 92 AD2d 1056). Although no single factor is dispositive in the determination of this issue, among the most significant factors to be considered is that of the control exercised by the employer over the claimant (*see, Matter of Poly Painters [Roberts]*, 89 AD2d 1027; *Matter of Watz [Equitable Life Assur. Socy. — Ross]*, 60 AD2d 259, 261, *affd* 46 NY2d 876). Here, the record shows that claimant's services were rendered under the direct control of Adams. As noted above, Adams provided the premises, materials and specific instructions for claimant's work which was subsequently reviewed and returned to claimant for needed corrections. These facts constitute substantial evidence for the Board's finding of an employment relationship here, and that decision must accordingly be affirmed (*Matter of Foundation for Open Eye [Ross]*, 86 AD2d 931, 932).

Decision affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.