■ In the Matter of the Claim of STEVEN COHEN, Respondent. BLINDER, ROBINSON & COMPANY, INC., Appellant; LILLIAN ROBERTS, as Commissioner of Labor, Respondent.—Levine, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 25, 1984, which ruled that claimant was entitled to receive benefits.

There was evidence in the record that claimant's securities sales, as actually transacted, were entirely channeled through the employer, including billing, payment and delivery, and were not final until the employer approved and accepted them. Sales representatives such as claimant were also barred from engaging in any independent advertising without the employer's prior approval. Claimant was provided with desk space at the employer's offices, access to telephones there, and business cards identifying him as an account executive of the employer. Moreover, the Unemployment Insurance Appeal Board could infer that sales representatives such as claimant were expected to generate a certain volume of business since, in fact, claimant was given critiques and suggestions by an officer manager of the employer on how to improve sales and was eventually let go because of poor production. These factors, taken as a whole, were sufficient indicia of control to support the Board's finding that claimant was an employee rather than an independent contractor (*see, Matter of Concourse Ophthalmology Assoc. [Roberts],* 60 NY2d 734; *Matter of Weltman [Dempsey-Tegeler & Co.—Catherwood],* 25 AD2d 914, *mod* 26 AD2d 734). Therefore, the decision ruling that claimant was entitled to receive benefits should be affirmed.

Decision affirmed, without costs. Kane, J. P., Yesawich, Jr., and Levine, JJ., concur; Mikoll and Harvey, JJ., dissent and vote to reverse in the following memorandum by Harvey, J.

Harvey, J. (dissenting). We respectfully dissent.

By a written contract in which both parties stipulated that claimant would become an independent contractor, claimant undertook to act as a sales representative of Blinder, Robinson & Company, Inc., a stockbroker. Generally speaking, the contract did not provide any control over claimant's activities

other than the control necessitated by securities laws and regulations. Claimant was paid no salary and had no drawing account. He received a percentage of the broker's commissions and was free to discount his commission at his own option in dealing with customers. No deductions were made from his commissions for the payment of income taxes and no workers' compensation coverage was provided him by Blinder. Claimant received no benefits of a pecuniary nature except his commissions.

Claimant arranged his own work schedule and took time off as he desired without notifying Blinder. Although under securities law claimant could not sell for another underwriter, there was no prohibition from his engaging in other types of employment while continuing in his sales capacity. Because of the necessity to conform to strict regulatory laws and regulations, Blinder required its approval of proposed advertising by claimant. However, claimant arranged and paid for his advertising himself.

Our review of the record in this case indicates a most substantial similarity to the arrangement between the real estate broker and its salespersons in *Matter of 12 Cornelia St. (Ross)* (56 NY2d 895). In that case, the real estate broker exercised no control over the activities of its salespersons except that required by law regulating the activities of real estate brokers. In both instances, the claimants' only financial benefit consisted of percentages of the brokers' commissions and the claimants were free to come and go at will without assigned work hours.

We therefore conclude that the Unemployment Insurance Appeal Board's determination is unsupported by substantial evidence. It is an erroneous interpretation of both the applicable law and the significant facts presented in the record and must be annulled (*see, Matter of American Tel. & Tel. Co. v State Tax Commn.,* 61 NY2d 393, 400). The record on appeal is at least as supportive of a determination that claimant was an independent contractor as were the records in a number of other cases which so held (*Matter of 12 Cornelia St. [Ross], supra; Matter of Sullivan Co.,* 289 NY 110; *Matter of Ted Is Back Corp. [Roberts],* 103 AD2d 932, *affd* 64 NY2d 725; *Matter of Paragon Process Serv. [Roberts],* 103 AD2d 882; *Matter of Robinson v New York Commodities Corp.,* 58 AD2d 924, *lv denied* 42 NY2d 811).

We would reverse the Board's decision awarding benefits to claimant and dismiss the claim.