■ In the Matter of the Claim of WALTER A. ENGEL, JR., Respondent. CALGON CORPORATION, Appellant; LILLIAN ROBERTS, as Commissioner of Labor, Respondent.—Harvey, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 15, 1985, which ruled that claimant was entitled to receive benefits.

Claimant was hired under the terms of a written contract as a "commission agent" for Calgon Corporation. The agreement between claimant and Calgon provided that it could be terminated upon 30 days' written notice. After Calgon terminated the agreement, claimant filed for unemployment insurance benefits, which were approved. Calgon now appeals from the Unemployment Insurance Appeal Board's determination which upheld that decision upon finding that claimant was an employee of Calgon rather than an independent contractor.

Claimant was engaged in the sale of Calgon's products. Calgon assigned him a designated geographic area to which he was to confine his sales activities. Initially, claimant was paid

$1,500 a month which Calgon referred to as a "draw". Claimant was responsible for servicing existing Calgon accounts and cultivating and obtaining new customers for Calgon products within his assigned area. Calgon provided sales leads to claimant. He was encouraged to submit regular reports regarding his activities to Calgon. Calgon handled all billing and collection activities on claimant's accounts. Claimant attended meetings held by Calgon and received some preliminary training. He was supplied equipment for his use in the field as well as business cards and signs bearing the Calgon logo for his car. The record reflects that his progress and productivity were regularly reviewed by Calgon and that he was not permitted to sell products of competing companies. Calgon could either assign or withdraw existing accounts in claimant's service area. Viewing the record as a whole, we find substantial evidence to support the Board's determination that an employer-employee relationship existed (see, *Matter of Concourse Ophthalmology Assoc. [Roberts]*, 60 NY2d 734, 737).

Although there is evidence in the record which would support a contrary conclusion, determination of whether an employer-employee relationship exists is a question of fact for the Board and no single factor is determinative (see, *Matter of Concourse Ophthalmology Assoc. [Roberts]*, supra; *Matter of Stroll [Roberts]*, 90 AD2d 635; *Matter of Mikulski [O'Keh Caterers Corp.—Roberts]*, 90 AD2d 633, 633-634).

Decision affirmed, without costs. Mahoney, P. J., Kane, Main, Casey and Harvey, JJ., concur.