■ In the Matter of the Claim of JUAN F. RIVERA, Respondent. STATE LINE DELIVERY SERVICE, INC. Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent.—Harvey, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 21, 1985, which, *inter alia,* ruled that claimant was entitled to receive benefits.

State Line Delivery Service, Inc. (State Line) maintains a messenger service business, picking up and delivering letters and small packages in and around New York City. In order to carry out delivery services, State Line has four full-time employees. These employees are paid on an hourly basis and provided with vehicles which are fully maintained by State Line. Additionally, State Line uses the services of approximately 15 owner-operators who it contends are independent contractors. Claimant was such an owner-operator for State Line from November 1982 to October 1983. Claimant filed a claim for unemployment insurance benefits in December 1983. The Unemployment Insurance Appeal Board, reversing the Administrative Law Judge, awarded benefits to claimant after finding that claimant was an employee and not an independent contractor. This appeal by State Line ensued.

On this appeal, State Line contends that the Board's finding that claimant was its employee rather than an independent contractor is not supported by substantial evidence in the record. We agree. Although no single factor is dispositive in determining whether an employer-employee relationship exists, the control exercised over a claimant is a significant factor *(Matter of Want Ad Digest [Roberts]*, 105 AD2d 895; *Matter of Ted Is Back Corp. [Roberts]*, 103 AD2d 932, *affd* 64 NY2d 725).

The relationship between the two parties resulted from claimant's answering State Line's newspaper advertisement which stated, "Owner operator needed to work on commission for high volume messenger service 914-939-6500." Claimant agreed to furnish his own vehicle and pay all the expenses of gasoline, tolls, oil, maintenance and insurance. In addition to the ordinary insurance involving motor vehicles, claimant was required by State Line to carry cargo insurance at his own expense. For his services, he was given a percentage of the commissions charged State Line's customers. Claimant committed himself to no particular amount of services. When he wished to make himself available, he telephoned State Line's dispatcher and accepted such work as he desired from that made available by the dispatcher. He was free to choose any route to perform the services. He was not prohibited from soliciting assignments from other companies similarly situated and he was not prohibited from carrying on his business with one or more additional companies while performing services for State Line. Owner-operators were free to hire helpers without notification to the company and claimant availed himself of that opportunity. He was given no fringe benefits of any nature by State Line, and no income or Social Security taxes were withheld from claimant's compensation. State Line had never been sued as a defendant in an automobile accident in which a vehicle of an owner-operator was involved and no claim for workers' compensation had ever been made by an owner-operator.

Once a work assignment was accepted by an owner-operator, he was subjected to only one control and that was a time limitation for delivery established, not by State Line, but by the customer involved. In that respect the control was similar to that which we observed in *Matter of Paragon Process Serv. (Roberts)* (103 AD2d 882), where the attorneys engaging the services of the process service organization established the various requirements for service. We conclude that the facts in the record fail to establish such control over claimant as to

constitute an employer-employee relationship *(see, Matter of 12 Cornelia St. [Ross],* 56 NY2d 895; *Matter of Paragon Process Serv. [Roberts], supra,* p 882).

Decision reversed, without costs, employer's objection to claimant's eligibility for benefits is sustained, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Main, Mikoll and Harvey, JJ., concur.

Kane, J. P., and Yesawich, Jr., J., dissent and vote to affirm in a memorandum by Yesawich, Jr., J. Yesawich, Jr., J. (dissenting). We respectfully dissent and vote to affirm. The evidence recited by the majority undeniably points to the conclusion that claimant was an independent contractor, but the record also contains other evidence which we believe justifies the contrary determination reached by the Board. The following factors bear favorably on the Board's decision: first, the employer, at its pleasure, daily dispensed delivery assignments—most of which had time deadlines for completion *(see, Matter of Di Martino [Ross],* 59 NY2d 638); second, workers like claimant were responsible for completing bills of lading displaying, not theirs, but the employer's letterhead; third, the employer alone solicited and billed customers; fourth, and perhaps most important, the employer fixed the commission rate of its workers and paid them whether or not the customer ultimately paid it for the the services rendered *(see, Matter of Rinaldi [Corsi],* 281 App Div 1051, *lv denied* 306 NY 982). And it is of some significance, as the Board recognized, that employment of delivery persons was integral to the daily operations of the employer's business; in fact, they sometimes outnumbered the employer's regular employees by a three-to-one margin. If claimant was indeed a truly independent contractor, he would have had real control over the work or service that State Line agreed to furnish its customers, as well as the price of his labor, and State Line would not have unilaterally dominated each of the critical elements of their business relationship.