■ In the Matter of the Claim of CLAUDE R. McKEE, Respondent. LE PAGE BAKERIES, INC., Appellant; JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [649 NYS2d 737] —Appeals from two decisions of the Unemployment Insurance Appeal Board, filed July 7, 1995, which ruled, *inter alia*, that claimant was entitled to receive unemployment insurance benefits.

Claimant was hired by the employer, a distributor of bakery goods, to restock shelves of a local supermarket with its products twice a day every Sunday. The record establishes that one of the employer's salespersons recruited claimant for this position to perform what would otherwise be his duties on Sundays. The record further reveals that claimant was paid on a per restock basis after submitting an invoice, signed by the supermarket's manager, to the employer. The Board found claimant eligible for unemployment insurance benefits after rejecting the employer's contentions that claimant was an independent contractor. In a separate decision, the Board, *inter alia*, rejected the employer's contention that it was not subject to taxation pursuant to Labor Law § 560 (1). The employer appeals both decisions.

Whether an employment relationship exists for the purposes of the unemployment insurance law is a question of fact for the Board to resolve (see, *Matter of Mydland [North Shore Equestrian Ctr.—Sweeney]*, 221 AD2d 747). If the determination is supported by substantial evidence, it is beyond further judicial review even though there is evidence in the record that would have supported a contrary conclusion (see, *Matter of Concourse Ophthalmology Assocs. [Roberts]*, 60 NY2d 734, 736). Upon our review of the record, we are satisfied that substantial evidence exists supporting the Board's finding that claimant was in fact an employee for the purposes of the unemployment insurance law (see generally, *Matter of Hodges [Hartnett]*, 171 AD2d 206, *lv denied* 79 NY2d 753). We also reject the employer's contention that, because it did not pay claimant more than $300 per calendar quarter, it is not liable for unemployment contributions on his behalf pursuant to Labor Law § 560 (1). Since the remuneration paid to all of the employees exceeds the $300 figure, taxation was appropriate under the statute (see, *Matter of Nicotera v Lou-Ridge Bldrs.*, 33 AD2d 584).

Cardona, P. J., Mercure, Crew III, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the decisions are affirmed, without costs.