■ In the Matter of the Claim of ANSEL B. PITCAIRN, Respondent. RUBIES COSTUME COMPANY, INC., Appellant; JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [657 NYS2d 251] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 30, 1996, which assessed Rubies Costume Company, Inc. for additional unemployment insurance contributions based on remuneration paid to claimant and those similarly situated.

During its busy season, claimant was hired by Rubies Costume Company, Inc. as a computer graphics artist in the catalogue design department. The Unemployment Insurance

Appeal Board found that claimant and others similarly situated were employees of Rubies Costume rather than independent contractors, thereby entitling claimant to receive unemployment insurance benefits. We agree. Claimant was paid an hourly rate, expected to work an eight-hour work day and assigned projects and deadlines. Additionally, claimant's work was reviewed by Rubies Costume and he was paid to make necessary corrections. Although claimant was permitted to work at home, he primarily worked on Rubies Costume's premises where he had access to its computers, desks and supplies. Claimant was also reimbursed for any unusual expenses incurred from working at home.

In light of these facts, we conclude that substantial evidence supports the Board's finding that claimant and those similarly situated were employees of Rubies Costume and, accordingly, were eligible for benefits (see, Matter of Freelance Advantage [Sweeney], 236 AD2d 679; Matter of Murello [Adams Darcy Art—Roberts], 108 AD2d 974). Contrary to Rubies Costume's contention, the Board is not bound by the credibility determinations of the Administrative Law Judge as long as the Board's findings are supported by substantial evidence (see, Matter of Horton [Hartnett], 176 AD2d 1103, 1104). Rubies Costume's remaining contentions have been reviewed and found to be without merit.

Mikoll, J. P., Mercure, Casey, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.