■ JOSEPH ARMACIDA, Appellant, v D.G. NEARY REALTY LTD., Respondent, et al., Defendant. [886 NYS2d 367]—

Order, Supreme Court, New York County (Doris Ling-Cohan, J.), entered January 14, 2008, which granted defendant D.G. Neary Realty's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

Plaintiff, a patron at a real estate brokerage, alleged that he was the victim of a battery committed by defendant Wray, a salesperson associated with the broker. Plaintiff seeks to hold the brokerage firm vicariously liable for the attack on the ground that Neary was Wray's employer. In another case involving a broker's relationship to salespersons, the Court of Appeals held that a determination that an employer-employee relationship exists must rest upon evidence that the broker exercises control over the results produced by the salespersons or the means used to achieve those results (*Matter of 12 Cornelia St. [Ross]*, 56 NY2d 895 [1982]). While associated with Neary, Wray was permitted to work whatever hours he chose, he did not report to or receive directions from anyone at the brokerage, he was provided with no health insurance benefits and he was compensated strictly on the basis of commissions. These factors are characteristic of a relationship with an independent contractor as opposed to an employee (*id.*). Neary's office manual proffered by plaintiff merely sets forth guidelines that are not indicative of the control needed to establish an employer-employee relationship.

Notwithstanding plaintiff's argument, the statutory and regulatory schemes affecting brokers and salespersons under article 12-A of the Real Property Law and Rules of the Department of State (19 NYCRR) part 175 shed no light on the employment issue. Real Property Law § 440 (5) provides that nothing in article 12-A shall be deemed or construed to be indicative or determinative of the legal relationship of a salesperson to a broker. Similarly, 19 NYCRR 175.27 disclaims that "Nothing in this Part is intended to be, or should be construed as, an indication that a salesperson is either an independent contractor or employee of a broker." Supreme Court thus correctly concluded that Wray was not Neary's employee, but rather an independent contractor.

We have reviewed plaintiff's remaining arguments and find

them without merit. Concur—Tom, J.P., Andrias, Saxe, Moskowitz and DeGrasse, JJ. [*See* 2008 NY Slip Op 30045(U).]