In the Matter of the Claim of CLINTON BUILDERS SUPPLY CORP., Doing Business as COMMUNITY HOME IMPROVEMENT CO. OF N. Y., INC., Appellant. EDWARD CORSI, as Industrial Commissioner, Respondent.— Appellant, herein referred to as the company, has appealed from a decision of the Unemployment Insurance Appeal Board affirming a referee's decision which denied an application for a refund of contributions claimed to have been erroneously paid on the earnings of persons designated as canvassers and closers. The company sells and applies roofing, siding and storm windows for homes. In prosecuting its enterprise it utilizes a sales force to solicit business and close contracts. Members of the force are obtained through the recommendation of other members and, at times, through newspaper advertising. Canvassers solicit prospective customers either on their own initiative or in following up leads suggested by the company. The closers estimate the jobs as to cost of material and installation, using the company's price list for materials, adding a minimum profit for the company and a further profit margin to arrive at a contract price. Canvassers and closers are paid solely by a commission on the profit of each sale over the company's minimum profit. The contract by which the canvassers and closers are engaged provides that, if on any job the gross profit shall not equal the specified minimum profit to the company plus the closer's commission, the latter shall be charged with the deficit. Operatives may have a weekly advance as a drawing account to be charged against their commissions. Closers are usually men who have had experience as canvassers. They train the canvassers, who may also have instructions at company meetings. The contract already referred to states that the company "employs" these persons to solicit and/or obtain orders. The treasurer of the company testified that

the purpose of the agreement was to clarify the parties' understanding as to advances and to achieve volume of sales. Seemingly the contract terms are not strictly adhered to as a matter of practice between the parties and considerable liberality is apparent in regard to activities stated to be regulated thereby. Appellant contends that the solicitors and closers are independent contractors. The record discloses certain indicia of such a status, but not so determinative as to render the board's contrary finding arbitrary or unreasonable. There exists no controlling formula for a solution in every case of this sort, but where from the evidence either of two conflicting inferences may be drawn, the duty of weighing the evidence and making the choice rests solely with the board. (*Matter of Stork Restaurant* v. *Boland*, 282 N. Y. 256.) The board may accept or reject testimony or draw inferences therefrom regardless of the fact that credibility may not be involved or that the company's explanation of the purposes of the contract may not have been controverted. The record as a whole contains substantial evidence to support the board's determination of the relationship of employer and employee. Decision unanimously affirmed, with costs to the respondent. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.