■ In the Matter of ARKAY JUNIOR FROCKS, INC., Appellant. ISADOR LUBIN, as Industrial Commissioner, Respondent.— This is an appeal from a decision of the Unemployment Insurance Appeal Board, affirming a decision of a referee which held that certain salesmen were employees and not independent contractors and that the alleged employer was liable for contributions. The employer herein is a manufacturer of dresses with a place of business at 498 Seventh Avenue, New York City. At the same address, and occupying the same premises, are located two other corporations which are also dress manufacturers. The stock of these three corporations is held by the members of one family. The three corporations jointly executed an agreement with each of the salesmen whose status is in question in this proceeding. Each agreement provided in part that the salesman involved could not engage in any other business or be employed by any other person; that he should solicit orders at prices established by the corporations; that any order obtained was subject to acceptance by one of the corporations; that each corporation reserved the right to refuse to accept any order; that the salesman should be required to travel in the territory designated by the corporation at such times as they might, from time to time, specify; that the salesman was restricted to selling in a specific territory; that he should perform such other duties as might be required of him in said territory and should service in the New York City sales rooms of the corporations any accounts from the territory assigned. Each agreement also provided substantially that a salesman should devote all of his time, attention and effort to the performance of his duties thereunder, subject to the direction and control of the corporations. In addition to the written agreement testimony was taken as to the actual working arrangements between the salesmen and the alleged employer. This oral testimony showed among other things that the salesmen spent about six months of the year in traveling and the rest of the time, with the exception of vacation periods, in the premises of the alleged employer. They paid no rent for the use of such premises but paid the salary of any assistants whom they employed. They had a stenographer whose services they shared and whose salary they paid. They paid their own travel, entertainment, stationery and advertising expenses. They were furnished local telephone service by the alleged employer but paid for their own long distance calls. They were charged for samples furnished to them and were credited with such samples when returned by them to the employer. They arranged their own itinerary and determined the time and places of calls in their respective territories. They attended meetings with the alleged employer at which style trends, colors, prices and other matters were discussed. The salesmen were paid on a commission basis and were appointed for a fixed term of one year. The board found as a fact that the salesmen and their assistants were employees of the appellant. The question here is whether this court must hold as a matter of law that they were not employees but independent contractors. In deciding this issue we are restricted to an examination of the record to determine whether there is substantial evidence to support the conclusion of the board (*Matter of Morton*, 284 N. Y. 167). There is not much conflict in the testimony but there certainly is room for drawing conflicting inferences. We may not reject the choice of inferences made by the board where there is room for choice (*Matter of Stork Restaurant* v. *Boland*, 282 N. Y. 256). As in many cases of this character the evidence discloses certain indicia that might support a finding that the salesmen were independent contractors,

but it also contains other indicia which point to an employment relationship. In that situation the duty of weighing the evidence and making the choice rests solely with the board (*Matter of Clinton Bldrs. Supply Corp.* [*Corsi*], 283 App. Div. 830). Decision of the Unemployment Insurance Appeal Board affirmed, with costs. Foster, P. J., Bergan, Halpern and Gibson, JJ., concur.