■ In the Matter of the Claim of RICHARD RAWDIN, Respondent. COLLEGE TOWN SPORTSWEAR, INC., Appellant. PHILLIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 30, 1976, which affirmed the decision of a referee sustaining initial determinations of the Industrial Commissioner holding claimant eligible to receive benefits without any disqualifying conditions and overruling the employer's objection that claimant was an independent contractor, and holding the employer liable for contributions on the earnings of the claimant and those similarly situated to the claimant. The employer is a nationwide organization which sells clothing to retail stores. Claimant, a sales representative, was assigned to a territory and paid on a commission basis against an advance of $350 a week. Claimant was discharged because the employer believed he was not producing sufficient business and, therefore, was not covering the advances. The employer alleges that claimant was not covered by Workmen's Compensation, that all expenses were paid directly by the claimant without reimbursement, that the samples used by the claimant were bought and paid for and that his working schedule was not controlled in any manner. Claimant alleges that he was assigned a territory, that he was given a list of accounts by the employer, that he was requested to attend meetings when new lines of merchandise were exhibited, that he could not sell competing lines of merchandise and that he was discharged for not generating sufficient

business. We hold that the claimant herein comes within the definition of employment as a traveling salesman and is thus eligible for benefits (Labor Law, § 511, subd 1, par [b], cl [2]). The duty of weighing the evidence to make a determination whether the claimant was an independent contractor or a salesman rests solely with the board *(Matter of Arkay Junior Frocks [Lubin],* 4 AD2d 731). It is only where as a matter of law it can be said that an employment relationship does not exist that the board's determination can be set aside. On this record, substantial evidence supports the board's determination *(Matter of Rich Plan of Syracuse [Levine],* 47 AD2d 573). Decision affirmed, with costs. Koreman, P. J., Greenblott, Main, Larkin and Herlihy, JJ., concur.