■ In the Matter of the Claim of ROBERT BENNEMAN, Respondent. NATIONAL FREELANCERS, INC., Appellant; LILLIAN ROBERTS, as Commissioner of Labor, Respondent.—Levine, J.

Claimant applied for unemployment insurance benefits and the local office made an initial determination finding claimant eligible effective June 24, 1984. Prior to this time, claimant worked as a word processor through National Freelancers, Inc., a temporary office worker placement service. National objected to the initial determination on the grounds of independent contractor status, voluntary separation and unavailability for employment. A hearing was held with National as the only party present; no representative from the Department of Labor appeared and the notice of hearing sent to claimant was returned by the post office as undeliverable.

National presented John N. Stearns, the company's president, as its only witness. Stearns testified that claimant had instructed National not to telephone him at home and, in-

stead, he would call in when he wanted a work assignment. According to Stearns, during the period of claimant's alleged unemployment, National had simply stopped hearing from claimant. Stearns also testified that there was always work available for claimant during that time.

At the hearing, National withdrew its challenge to the issue of claimant's status as an employee, with leave to reopen, since another case involving the same issue was pending before the Unemployment Insurance Appeal Board *(Matter of Kokoni [National Freelancers—Roberts],* 110 AD2d 1023). Following the hearing, the Administrative Law Judge (hereinafter ALJ) rendered a decision sustaining claimant's eligibility for benefits. The Board affirmed the ALJ's decision and this appeal ensued.

National's main contention on appeal is that the Board's determination is not supported by substantial evidence in the record. In support of its contention that claimant should have been disqualified from receiving benefits, National points to what is claimed to be uncontroverted proof in the record that claimant chose not to work after he was notified that work was available. This proof consisted of Stearns' testimony that since claimant had discouraged National from contacting him by phone, letters were sent to claimant on a regular basis informing him of work assignments and claimant would respond by calling in when he wanted work. National, however, failed to produce any corroborative evidence, either at the hearing or in its submissions to the Board, to prove that such notices were actually mailed to claimant. The Board was not required to accept Stearns' testimony simply because it was unrebutted *(see, Matter of Clinton Bldrs. Supply Corp.,* 283 App Div 830, 831, *lv denied* 307 NY 940). Hence, in the absence of credible proof that National informed claimant of available work, the Board could properly find that claimant had not voluntarily separated from his work and was not unavailable for employment.

We reject National's contention that it was error to deny its motion for an adjournment or dismissal of the case based upon an affidavit by claimant acknowledging his status as an independent contractor and offering to repay the unemployment insurance benefits he received. This affidavit was relevant only to claimant's status as an employee of National, an issue which was voluntarily withdrawn at the hearing. Hence, National's request for an adjournment or dismissal was properly denied. We are similarly unpersuaded that the ALJ's refusal to grant National an adjournment to enable it to

present additional documentary evidence supporting Stearns' testimony constituted an abuse of discretion. In any event, this additional evidence was submitted by National after the hearing and was considered by the Board on appeal.

National's contention that the ALJ was not impartial is not supported by the record and must be rejected. We have also considered National's other contentions and find them to be without merit.

Decision affirmed, without costs. Kane, J. P., Weiss, Levine, Harvey and Mercure, JJ., concur.