■ In the Matter of GARY LUFF, Doing Business as SOCIETY INTERNATIONAL, Appellant. JOHN F. HUDACS, as Commissioner of Labor, Respondent. [599 NYS2d 878] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 28, 1991, which assessed Gary Luff for unemployment insurance contributions.

Society International (hereinafter the company), which is owned by Gary Luff, sells cookware, silverware, china and crystal to customers in their homes. At issue in this case is whether the salespeople the company hires to sell its products are employees of the company. The Unemployment Insurance Appeal Board ruled that the company exercised sufficient direction and control over the activities of its salespeople to establish an employer-employee relationship. This appeal followed.

We affirm. In doing so we initially note that the question of whether an employment relationship exists is one of fact and depends on whether there is evidence of either control over the results achieved or over the means used to achieve those results (see, Matter of Rivera [State Line Delivery Serv.—Roberts], 69 NY2d 679, cert denied 481 US 1049). Here, testimony as well as documentary evidence presented at the hearings revealed the following facts. Salespeople were interviewed by the company and completed what were essentially job applications. Upon being hired they signed an agreement which stated that they could sell the company's products "according

to the terms established and set forth by the [c]ompany" and that "all orders shall be subject to acceptance by the [c]ompany". They received a set commission for each sale "providing the order was sold at the [c]ompany's published retail prices". New salespeople were required to attend in-class training courses and undergo a period of on-the-job training with an experienced salesperson before making presentations on their own. They were presented with a series of recommended sales approaches to memorize and attendance at weekly sales meetings was strongly suggested if not required. They received kits containing company samples which could be recalled at any time, as well as price lists, product brochures and sales contract forms. Performance was monitored through, *inter alia,* weekly report sheets which required detailed outlines of activities, including the number of appointments and sales made. It was suggested that they do 10 demonstrations per week. Customers paid the company directly and it dealt with all customer complaints.

Based upon our review of the record, we find substantial evidence to support the Board's conclusion that the salespeople were employees of the company *(see, Matter of Cohen [Blinder, Robinson & Co.—Roberts],* 112 AD2d 687, *affd* 67 NY2d 683; *Matter of Rawdin [College Town Sportswear—Ross],* 58 AD2d 714). Any conflicts in the testimony merely presented questions of credibility for the Board to resolve *(see, Matter of Padilla [Sephardic Home for the Aged—Roberts],* 113 AD2d 997).

Weiss, P. J., Yesawich Jr., Levine, Mercure and Mahoney, JJ., concur. Ordered that the decision is affirmed, without costs.