■ In the Matter of G.A. CONTRACTORS, INC., Petitioner, v NEW YORK STATE DEPARTMENT OF LABOR et al., Respondents. [635 NYS2d 688] —Proceeding pursuant to CPLR article 78 to review a determination of the New York State Commissioner of Labor, dated September 29, 1994, which, after a hearing, found that the petitioner had committed various violations of Labor Law § 220 and, *inter alia,* directed it to pay back wages, assessed two civil penalties, and precluded it and any successor from bidding on or being awarded any public work contract or subcontract for a period of five years.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The petitioner entered into two separate public works contracts to do construction-related work. Annexed to both contracts was a prevailing wage rate schedule detailing the amount of wages and supplements to be paid pursuant to Labor Law § 220. A subsequent audit by the New York State Department of Labor revealed that the petitioner had willfully failed to pay prevailing wages and supplements to various employees. Thereafter, a hearing was held in which the petitioner voluntarily entered into a stipulation conceding that it had willfully violated Labor Law § 220. Also at the hearing, the petitioner requested additional time to provide further documentary evidence challenging the Department's audit. Pursuant to this request, counsel for the Department and the Hearing Officer agreed to give the petitioner until September 19, 1994, 25 days from the date of the hearing, to produce the additional information. On September 19, 1994, the petitioner again requested additional time to submit the documentation. This request was denied. The Commissioner of Labor subsequently issued a determination incorporating the terms of the stipulation entered into by the parties.

We reject the petitioner's argument that the Hearing Officer's denial of the requested continuance was arbitrary and capricious or an abuse of discretion. Since one continuance, at the petitioner's request, had already been granted, and a mutually convenient date for the production of additional documentary evidence had been agreed upon, the refusal to grant a further continuance was neither arbitrary and capricious nor an abuse of discretion (see, Matter of Benneman [National Freelancers—Roberts], 140 AD2d 799, 800-801; Matter of Photo Medic Equip. v Suffolk County Dept. of Health Servs., 122 AD2d 882, 884).

We further find unavailing the petitioner's contention that the Commissioner of Labor's determination was not supported by substantial evidence. The record indicates that the parties voluntarily entered into a stipulation in which the petitioner acknowledged that it had willfully violated Labor Law § 220. Because the petitioner does not contend that the stipulation is invalid, and since the petitioner was, in fact, represented by counsel throughout the negotiations, the stipulation itself, in which liability was conceded, constituted substantial evidence to support the determination (see, Matter of Pell v Board of Educ., 34 NY2d 222, 230-231). Balletta, J. P., O'Brien, Santucci and Florio, JJ., concur.