■ In the Matter of the Claim of WILLIAM F. PARKER, Appellant. RALPH A. MEYER ASSOCIATES, INC., Respondent; JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [653 NYS2d 731] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 10, 1995, which ruled that claimant was ineligible to receive unemployment insurance benefits.

Ralph A. Meyer Associates, Inc. (hereinafter Meyer) is a corporation that represents 15 manufacturers of industrial cooking equipment, negotiating contracts for the sale thereof to various distributors, dealers and individual customers. Claimant was retained by Meyer as a manufacturer's representative. Included in claimant's duties were visits to cooking equipment dealers and distributors, as well as to hospitals, restaurants and schools, where he would endeavor to sell equip-

ment produced by Meyer's clients, using promotional materials supplied by each of them and being paid on a commission basis. The Unemployment Insurance Appeal Board ruled that claimant was ineligible for benefits because he worked in the capacity of an independent contractor.

While evidence was presented that would have supported a contrary conclusion, there is nonetheless substantial evidence supporting the Board's determination that an employer-employee relationship did not exist here (see, Matter of Field Delivery Serv. [Roberts], 66 NY2d 516, 521). Among the conditions of claimant's employment supporting the Board's decision are that Meyer imposed no restrictions upon the hours worked or the manufacturers represented by claimant, nor did it require claimant to report to its offices. Claimant was not trained by Meyer or given a set sales pitch to use in his dealings with potential customers. Claimant provided his own transportation, received no services from Meyer's office staff and was free to substitute the services of third parties for his own. Although Meyer paid claimant on a commission basis, it calculated the amount of the payments by using sales data supplied by its clients. Meyer took no deductions of any kind from claimant's salary and provided no fringe benefits. It is, accordingly, concluded that substantial evidence supports the finding that Meyer did not exercise sufficient supervision, direction or control over the results achieved by claimant or over the means used to achieve them to establish an employer-employee relationship (see, Matter of Rivera [State Line Delivery Serv.—Roberts], 69 NY2d 679, cert denied 481 US 1049; cf., Matter of Luff [Hudacs], 194 AD2d 1003).

Mikoll, J. P., Mercure, Crew III, White and Casey, JJ., concur. Ordered that the decision is affirmed, without costs.