■ In the Matter of the Claim of GEORGE L. IBARRA, Respondent. JES LABEL & TAPE, INC., Appellant; JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [655 NYS2d 675] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 21, 1996, which ruled that Jes Label & Tape, Inc. was liable for additional unemployment insurance contributions based upon remuneration paid to claimant and others similarly situated.

Claimant was hired by Jes Label & Tape, Inc. as a graphic design artist at an hourly rate set by the company after he responded to a newspaper advertisement and submitted a resume and portfolio. On appeal, Jes Label challenges the Unemployment Insurance Appeal Board's decision that claimant and others similarly situated were employees of Jes Label. John Scattereggio, Jes Label's secretary treasurer, testified that after obtaining a project through one of his salespersons, he would assign claimant a project, along with a deadline for its completion. When the project was completed Scattereggio would review claimant's work to insure compliance with the customer's specifications. Jes Label supplied the premises, tools and equipment needed to complete the projects. Claimant punched a time card to keep track of his time and, according to him, worked set hours. Although claimant was not required to work exclusively for Jes Label, given the control Jes Label exercised over claimant, we find sufficient evidence to support the Board's finding that an employer-employee relationship existed (*see, Matter of Rubin [Freelance Advantage—Sweeney]*, 236 AD2d 679, 680-681; *Matter of Murello [Adams Darcy Art—Roberts]*, 108 AD2d 974, 975). To the extent that there was conflict in the testimony of the witnesses, this merely raises a question of credibility for the Board to resolve (*see, Matter of Luff [Hudacs]*, 194 AD2d 1003, 1004). We find Jes Label's remaining contentions to be without merit. Accordingly, we find no reason to disturb the Board's decision.

Cardona, P. J., Mikoll, White, Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.