*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 2, 2015                    519184
_____

In the Matter of the Claim of
    JOHN RAMIREZ,
                    Respondent.

PROPOINT GRAPHICS LLC,                    MEMORANDUM AND ORDER
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  December 2, 2014

Before:  Lahtinen, J.P., Rose, Egan Jr. and Clark, JJ.

_____

        Cozen O'Connor, New York City (Michael C. Schmidt of
counsel), for appellant.

        Francis J. Smith, Albany, for John Ramirez, respondent.

_____

        Appeals from two decisions of the Unemployment Insurance
Appeal Board, filed August 30, 2013, which, among other things,
ruled that Propoint Graphics LLC was liable for unemployment
insurance contributions on remuneration paid to claimant and
others similarly situated.

        Claimant, a graphic designer, performed services for
Propoint Graphics LLC from October 2011 until January 2012.  He
subsequently applied for unemployment insurance benefits.  The
Department of Labor ruled that he was eligible to receive
benefits and also assessed Propoint for additional unemployment
insurance contributions based on remuneration paid to claimant
and others similarly situated.  Propoint objected and, following
a hearing, an Administrative Law Judge overruled these

determinations.  The Unemployment Insurance Appeal Board, however, reversed and concluded that an employment relationship existed between Propoint and claimant, as well as others similarly situated.  Propoint now appeals.

Initially, it is well settled that the existence of an employment relationship is a factual issue for the Board to resolve and its determination will not be disturbed if supported by substantial evidence (see Matter of LaValley [West Firm PLLC—Commissioner of Labor], 120 AD3d 1498, 1499 [2014]; Matter of Yoga Vida NYC Inc. [Commissioner of Labor], 119 AD3d 1314, 1314 [2014], lv granted 24 NY3d 909 [2014]).  "The determination rests not on one single factor, but consideration is given to whether control was exercised over the results or the means used to achieve those results, with the latter factor deemed more important" (Matter of McCollum [Fire Is. Union Free Sch. Dist.—ommissioner of Labor], 118 AD3d 1203, 1204 [2014] [citations omitted]; see Matter of Yoga Vida NYC Inc. [Commissioner of Labor], 119 AD3d at 1314).

Here, claimant responded to a website posting and, after being interviewed, was selected by Propoint to work on client projects at a mutually agreed pay rate of $28 per hour.  He was paid every two weeks regardless of whether Propoint received payment from the client.  Although there were no set working hours, claimant performed most of his work at the employer's premises, where he was provided with a computer, software and related items, and he was required to turn in daily time cards.  Propoint did not provide claimant with any leave time or other benefits, withhold taxes from his paychecks or prohibit him from working for others, and it required him to sign an independent contractor agreement.  Propoint, however, retained the right to review claimant's work product and direct him to make changes.  Moreover, the confidentiality provisions of the independent contractor agreement precluded claimant from including client projects in his personal portfolio.  Inasmuch as the foregoing demonstrates that Propoint retained control over both the means and the results of claimant's work, substantial evidence supports the Board's finding of an employment relationship (see generally Matter of Limperis [Aufbau Trust—Commissioner of Labor], 9 AD3d 762, 762 [2004]; Matter of Ibarra [Jes Label & Tape Inc.—

Sweeney], 238 AD2d 664 [1997]).  Although Propoint asserts that the Board's finding is inconsistent with a prior determination of the Department of Labor that treated another of its graphic designers as an independent contractor, the record does not contain sufficient information concerning the nature of this individual's relationship with Propoint to make a comparison. Therefore, we find no reason to disturb the Board's decisions.

Lahtinen, J.P., Rose, Egan Jr. and Clark, JJ., concur.

ORDERED that the decisions are affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court