*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 3, 2015                    520076
_____

In the Matter of the Claim of
    JESSIE THOMAS,
                    Respondent.

GENEVA CONSULTING GROUP,                    MEMORANDUM AND ORDER
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  October 21, 2015

Before:  Lahtinen, J.P., Egan Jr., Lynch and Devine, JJ.

_____

        Timothy McEnaney, Port Washington, for appellant.

        Francis J. Smith, Albany, for Jessie Thomas, respondent.

        Eric T. Schneiderman, Attorney General, New York City (Gary Leibowitz of counsel), for Commissioner of Labor, respondent.

_____

Lahtinen, J.P.

        Appeals from two decisions of the Unemployment Insurance Appeal Board, filed February 20, 2014, which ruled, among other things, that claimant was entitled to receive unemployment insurance benefits.

        Geneva Consulting Group is a consulting firm that brokers relationships between its clients and consultants who possess the skills that the clients need, who are hired to perform information technology (hereinafter IT) services for the clients. Claimant was hired to perform IT services for a Geneva client, a

large bank, from August 20, 2012 until December 14, 2012.  After claimant's employment ended, she applied for unemployment insurance benefits and the Department of Labor determined that she was an employee of Geneva entitled to such benefits and that Geneva was liable for additional contributions based upon remuneration paid to claimant and others similarly situated. Following a hearing, an Administrative Law Judge upheld that determination and the Unemployment Insurance Appeal Board sustained that determination.  Geneva appeals.

The evidence at the hearing demonstrated that claimant, who runs her own consulting business, Jessica Consultant LLC, responded to an advertisement placed by Geneva that listed the job requirements and necessary IT background for a position with its client; Geneva screened her and forwarded her credentials to its client, which interviewed and approved of claimant.  Geneva required that claimant sign a contract that designated her as the consultant assigned to perform the IT services for the client, and labeled her as an independent contractor.  Geneva employed approximately 35 people as consultants who received benefits and designated another 15 consultants as independent contractors who were required to be in business for themselves and to obtain, among other things, their own liability insurance, but Geneva's chief financial officer conceded that both groups provided the "same services" and had the "same skills."  Geneva contracted with its client to provide claimant's services and charged the client for those services, and Geneva paid claimant a negotiated daily rate.  Claimant worked a full-time schedule set by the client and performed services in the client's office where she was provided a desk, computer, supplies and support staff. Claimant reported regularly to the client's manager, who instructed her on the client's needs and expectations, trained her on the client's systems, gave her assignments, set her deadlines and approved her time sheets, which were submitted to Geneva for payment.  Claimant could not provide substitutes or refuse assigned work and needed the client's approval to take time off from work.  Notwithstanding evidence in the record to support a contrary conclusion, the foregoing evidence constitutes substantial evidence that Geneva, through its clients, supervised and exercised control over the results produced by claimant as well as the means employed to achieve those results so as to

establish that she was an employee of Geneva (see Matter of Dwightmoore [Fanfair-Commissioner of Labor], 126 AD3d 1221, 1222-1223 [2015]; Matter of DeRose [Winston Retail Solutions, LLC-Commissioner of Labor], 119 AD3d 1174, 1175 [2014]; Matter of Victor [Aubrey Organics, Inc.-Commissioner of Labor], 116 AD3d 1327, 1327-1328 [2014]; Matter of Rios [La Prairie, Inc.-Commissioner of Labor], 279 AD2d 681, 681 [2001]).

However, Geneva's contention that claimant was not entitled to unemployment insurance benefits because she was not totally unemployed (see Labor Law § 591 [1]) must be remitted for a determination thereon. While the original notice of hearing did not list the issue of total unemployment as an issue to be determined at the hearing, claimant testified on cross-examination, without objection, about tasks performed and expenditures made on behalf of her ongoing company after her services for Geneva were terminated. The Administrative Law Judge determined that the issue was "premature" and otherwise not supported by sufficient record evidence (see 12 NYCRR 461.4 [d]; compare Matter of American Home Improvement Prods. [Commissioner of Labor], 261 AD2d 760, 762 [1999]), a finding undisturbed by the Board, which we conclude is not supported by substantial evidence. The issue should have been further developed and resolved since a finding that claimant was not totally unemployed would have resulted in a denial of benefits (see Labor Law § 591 [1]; Matter of Lewis [Commissioner of Labor], 106 AD3d 1313, 1313-1314 [2013]).

Egan Jr., Lynch and Devine, JJ., concur.

ORDERED that the decisions are modified, without costs, by reversing so much thereof as failed to determine whether claimant was totally employed and as awarded claimant unemployment insurance benefits; matters remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court