■ In the Matter of the Claim of LEONARD GILL, Respondent. STRATEGIC DELIVERY SOLUTIONS LLC, Appellant; COMMISSIONER OF LABOR, Respondent. (Claim No. 1.) In the Matter of the Claim of WASHINGTON GALLARDO, Respondent. STRATEGIC DELIVERY SOLUTIONS LLC, Appellant; COMMISSIONER OF LABOR, Respondent. (Claim No. 2.) In the Matter of the Claim of LAWRENCE J. HANDELMAN, Respondent. STRATEGIC DELIVERY

Solutions LLC, Appellant; Commissioner of Labor, Respondent. (Claim No. 3.) [22 NYS3d 621]—

Lynch, J. Appeals from six decisions of the Unemployment Insurance Appeal Board, filed February 12, 2014 and February 19, 2014, which ruled, among other things, that Strategic Delivery Solutions LLC is liable for unemployment insurance contributions on remuneration paid to claimants and others similarly situated.

Strategic Delivery Solutions LLC (hereinafter SDS) is, among other things, a warehouse and transportation broker that services large institutional pharmacies. SDS provides couriers who deliver pharmaceuticals from institutional pharmacies to hospitals, nursing homes, hospices and retail pharmacies. Claimants were engaged by SDS to be couriers. The Unemployment Insurance Appeal Board determined that claimants were employees of SDS, that claimants were entitled to unemployment insurance benefits and that SDS was liable for unemployment insurance contributions on remuneration paid to claimants and others similarly situated. SDS now appeals.

"Initially, it is well settled that the existence of an employment relationship is a factual issue for the Board to resolve and its determination will not be disturbed if supported by substantial evidence" (*Matter of Ramirez [Propoint Graphics LLC—Commissioner of Labor]*, 127 AD3d 1295, 1296 [2015] [citation omitted]; *see Matter of LaValley [West Firm, PLLC—Commissioner of Labor]*, 120 AD3d 1498, 1499 [2014]). "While no single factor is determinative, control over the results produced or the means used to achieve those results are pertinent considerations, with the latter being more important" (*Matter of Automotive Serv. Sys., Inc. [Commissioner of Labor]*, 56 AD3d 854, 855 [2008] [citations omitted]; *accord Matter of Armison [Gannett Co., Inc.—Commissioner of Labor]*, 122 AD3d 1101, 1102 [2014], *lv dismissed* 24 NY3d 1209 [2015]).

Here, SDS advertised for couriers and screened interested parties. Couriers are assigned routes by SDS, set up geographically by SDS's clients, worked an agreed upon set weekly schedule at a pay rate negotiated between the couriers and SDS and were required to either pick the pharmaceuticals up at an SDS warehouse or at the SDS client's location. SDS would have an on-site coordinator present when pickups were made at the client's location. Couriers were provided a daily manifest bearing SDS's name that identifies the stops for their routes.

Couriers were required to obtain proof of delivery signatures on the manifests and return a copy of them to SDS. Couriers also provided invoices to SDS in order to get paid and SDS would bill its clients, and couriers were paid whether or not SDS was paid by its clients.* Couriers were required to wear SDS uniforms and were provided badges identifying themselves as being contracted through SDS. SDS also provided scanners to couriers to be used in order to electronically track their pickups and deliveries. In our view, there is substantial evidence in the record to support the Board's finding that SDS exercised sufficient control over claimants' work to be deemed their employer, notwithstanding evidence that would support a contrary result (*see Matter of Watson [Partsfleet Inc.—Commissioner of Labor]*, 127 AD3d 1461, 1462 [2015]; *Matter of Youngman [RB Humphreys Inc.—Commissioner of Labor]*, 126 AD3d 1225, 1226-1227 [2015], *lv dismissed* 25 NY3d 1192 [2015]; *Matter of Hunter [Gannett Co., Inc.—Commissioner of Labor]*, 125 AD3d 1166, 1167 [2015]). SDS's remaining contention has been reviewed and found to be lacking in merit. Accordingly, the decisions will not be disturbed.

McCarthy, J.P., Egan Jr., Rose and Clark, JJ., concur. Ordered that the decisions are affirmed, without costs.

---

* SDS utilized a third party, Subtracting Concepts, Inc., to perform administrative services, including issuing payroll checks and providing couriers with required insurance. Subtracting Concepts, however, had no involvement in the services provided by claimants.