Matter of Brown (Plannernet, Inc.--Commissioner of Labor) (2021 NY Slip Op 04065)





Matter of Brown (Plannernet, Inc.--Commissioner of Labor)


2021 NY Slip Op 04065


Decided on June 24, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 24, 2021

529794
[*1]In the Matter of the Claim of Brian Brown, Respondent. Plannernet, Inc., Appellant. Commissioner of Labor, Respondent.

Calendar Date:June 1, 2021

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Colangelo, JJ.

Olender Feldman LLP, New York City (Alex Umansky of counsel), for appellant.
Bruce Evans Knoll, Albany, for Brian Brown, respondent.
Letitia James, Attorney General, Albany (Linda D. Joseph of counsel), for Commissioner of Labor, respondent.



Egan Jr., J.P.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 12, 2019, which ruled, among other things, that Plannernet, Inc. was liable for unemployment insurance contributions on remuneration paid to claimant and others similarly situated.
Plannernet, Inc. is an outsource procurement company that provides a network of event and meeting managers to its clients for long-term and short-term staffing and management of corporate, medical and other business seminars and meetings. Plannernet finds meeting managers through referrals and by searching online communities such as LinkedIn and Certified Meeting Professionals. Claimant, a professional meeting manager, filled out an application and submitted it, along with a resume, to Plannernet. Once approved, claimant executed the Plannernet Independent Contractor Agreement and was required to acknowledge, in writing, that he received and read the 32-page Plannernet Meeting Manager Reference Guide. Plannernet then gave claimant access to those assignments on its electronic job board that it determined claimant was qualified to do. Claimant, thereafter, performed long-term and short-term assignments for various clients of Plannernet.
Claimant, whose relationship with Plannernet had been terminated, subsequently applied for unemployment insurance benefits. The Unemployment Insurance Appeal Board — reversing the decision of the Administrative Law Judge — ruled that claimant was an employee of Plannernet and that Plannernet was liable for remuneration paid to him and others similarly situated. Plannernet appeals.
We affirm. "It is well settled that whether an employment relationship exists within the meaning of the unemployment insurance law is a question of fact, no one factor is determinative and the determination of the Board, if supported by substantial evidence on the record as a whole, is beyond further judicial review even though there is evidence in the record that would have supported a contrary decision" (Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d 433, 437 [2010] [internal quotation marks, brackets and citations omitted]; accord Matter of Lowry [Uber Tech., Inc.-Commissioner of Labor], 189 AD3d 1863, 1863 [2020]). "Substantial evidence is a minimal standard requiring less than a preponderance of the evidence. As such, if the evidence reasonably supports the Board's choice, we may not interpose our judgment to reach a contrary conclusion" (Matter of Vega [Postmates Inc.-Commissioner of Labor], 35 NY3d 131, 136-137 [2020] [internal quotation marks, brackets and citations omitted]). "All aspects of the arrangement must be examined to determine whether the degree of control and direction reserved to the purported employer establishes an employment relationship" (Matter of Murray [TN Couriers LLC-Commissioner of Labor], 187 AD3d 1270, 1271 [2020] [internal quotation marks, brackets and citations omitted]).
The evidence at the hearing [*2]established that the agreement provided by Plannernet that claimant executed prohibited meeting managers from dealing directly with its clients during the agreement period or within one year thereafter and required that all information regarding its clients and the assignments be kept confidential. The extensive reference guide set forth Plannernet's policies and procedures, as well as its expectations that its meeting managers provide high levels of professional services. To that end, the reference guide set forth pre-event preparations and post-meeting responsibilities, including reviewing materials sent by the client immediately, submitting evaluations about the event to Plannernet and returning meeting materials within a specified time period. As for onsite management of events, the reference guide outlined specific acceptable behavior, enumerated prohibited conduct and activities, implemented a dress code and imposed disciplinary measures for unsatisfactory performance or noncompliance with standards and expectations set forth in the reference guide.
The evidence also established Plannernet's continued contact and involvement with the meeting managers throughout an assignment. Specifically, Plannernet set the pay rate for the assignments based upon the prevailing market rate and agreement with the client, provided time sheets to the meeting managers for the client to approve before Plannernet paid the meeting manager, directed that meeting mangers contact a client access manager at Plannernet for assistance with questions or problems pertaining to an assignment, required notification if a meeting manager was late to an event and approval for substitutes, recognized meeting managers for outstanding service, retained discretion to provide payment for cancelled events, required meeting managers to be familiar with requirements related to Continuing Medical Education programs and handled complaints by clients about meeting managers.
In view of the foregoing, the Board's finding that Plannernet exercised, or reserved the right to exercise, sufficient supervision, direction and control over claimant and those similarly situated to establish an employer-employee relationship is supported by substantial evidence and, despite evidence that could support a contrary conclusion, the Board's decision will not be disturbed (see Matter of Bin Yuan [Legal Interpreting Servs., Inc.-Commissioner of Labor], 140 AD3d 1550, 1550-1552 [2016], lv dismissed 29 NY3d 968 [2017]; Matter of Ritch [Island Tutoring Ctr., Inc.-Commissioner of Labor], 139 AD3d 1151, 1152-1153 [2016]; Matter of Thomas [Geneva Consulting Group-Commissioner of Labor], 134 AD3d 1199, 1200-1201 [2015]; Matter of Lamar [Eden Tech., Inc.-Commissioner of Labor], 109 AD3d 1038, 1039 [2013]; Matter of Cobrin [Telecom Consulting Group NE Corp.-Commissioner of Labor], 91 AD3d 992, 993 [2012]; cf. Matter of Walsh [Taskrabbit Inc.-Commissioner of Labor], 168 AD3d 1323, 1324-1325 [2019]). We are [*3]unpersuaded by Plannernet's assertion that the indicia of control found by the Board to establish an employment relationship are merely requirements that the work be done properly, which is "just as readily required of an independent contractor as of an employee and not conclusive as to either" (Matter of Yoga Vida NYC, Inc. [Commissioner of Labor], 28 NY3d 1013, 1016 [2016]).
Finally, we find no error in the Board's ruling that the employment status applies to all those similarly situated (see Labor Law § 620 [1] [b]). "[T]he factual question of whether any other individuals actually perform the same work under the same conditions has been left open for resolution in subsequently pursued cases, if there be any, and there is no prohibition to the order of the Board which in effect states that other persons must be treated in the same manner if their circumstances of work are the same as the claimant's circumstances. The principle of stare decisis dictates such a result" (Matter of Mitchum [Medifleet, Inc.-Commissioner of Labor], 133 AD3d 1156, 1157 [2015] [internal quotation marks, brackets and citation omitted]).
Lynch, Clark, Pritzker and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.