Matter of Blomstrom (Katz--Commissioner of Labor) (2021 NY Slip Op 06891)





Matter of Blomstrom (Katz--Commissioner of Labor)


2021 NY Slip Op 06891


Decided on December 9, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 9, 2021

530072
[*1]In the Matter of the Claim of Peter W. Blomstrom, Respondent. Stephen H. Katz, Appellant. Commissioner of Labor, Respondent.

Calendar Date:October 13, 2021

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Colangelo, JJ.

Stephen H. Katz, New York City, appellant pro se.
Amanda FiggsGanter, Albany, for Peter W. Blomstrom, respondent.
Letitia James, Attorney General, New York City (Steven Koton of counsel), for Commissioner of Labor, respondent.



Lynch, J.
Appeals from two decisions of the Unemployment Insurance Appeal Board, filed March 6, 2019, which ruled, among other things, that Stephen H. Katz was liable for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated.
Stephen H. Katz is a licensed architect and sole proprietor of his business. Katz retained claimant to draft architectural drawings for his projects using computer-aided design software. Claimant performed this work from October 2014 to January 2015. Upon cessation of the services, claimant applied for, and was initially granted, unemployment insurance benefits. Following a hearing, the Administrative Law Judge sustained the initial determination that claimant was Katz's employee and held that Katz was liable for additional contributions based upon remuneration paid to claimant and others similarly situated. The Unemployment Insurance Appeal Board affirmed, and Katz appealed.
We affirm. "Whether an employee-employer relationship exists is a factual question to be resolved by the Board and we will not disturb its determination when it is supported by substantial evidence in the record" (Matter of Jennings [American Delivery Solution, Inc.-Commissioner of Labor], 125 AD3d 1152, 1152-1153 [2015] [internal quotation marks and citations omitted]; accord Matter of Magdylan [Munschauer-Commissioner of Labor], 172 AD3d 1832, 1833 [2019]). Substantial evidence is "a minimal standard" that demands only "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d 1044, 1045, 1046 [2018] [internal quotation marks and citations omitted]; see Matter of Vega [Postmates, Inc.-Commissioner of Labor], 35 NY3d 131, 136-137 [2020]; Matter of Brown [Plannernet, Inc.-Commissioner of Labor], 195 AD3d 1329, 1330 [2021]). "Where substantial evidence exists to support a decision being reviewed by the courts, the determination must be sustained, irrespective of whether a similar quantum of evidence is available to support other varying conclusions" (Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d at 1046 [internal quotation marks and citations omitted]; see Matter of Vega [Postmates, Inc.-Commissioner of Labor], 35 NY3d at 136-137; Matter of Brown [Plannernet, Inc.-Commissioner of Labor], 195 AD3d at 1330). "The determination [of whether an employer-employee relationship exists] rests not on one single factor, but consideration is given to whether control was exercised over the results or the means used to achieve those results, with the latter factor deemed more important" (Matter of McCollum [Fire Is. Union Free Sch. Dist.-Commissioner of Labor], 118 AD3d 1203, 1204 [2014] [internal quotation marks and citations omitted]; see Matter of Murray [TN Couriers LLC-Commissioner of Labor], 187 AD3d 1270, 1271 [2021]).
Although claimant reported to the Department of Labor that he was in [*2]business for himself and referred to himself as self-employed on social media sites, substantial evidence supports the Board's determination that he was an employee of Katz during the relevant time frame. The hearing evidence established that Katz interviewed claimant for the position and they mutually agreed to an hourly rate of $40. Although there were no set work hours, Katz gave claimant a key to the work premises, where claimant performed services using a workstation and other equipment provided by Katz. Katz and claimant worked one-on-one together, with Katz informing claimant of the type of work that needed to be done, having regular discussions with claimant about the progress of the work, reviewing claimant's work product and correcting any errors. Katz also provided direction as to the prioritization of the work and set deadlines for when it was to be completed. Notwithstanding the failure to provide claimant with any leave or time benefits, the foregoing proof provides a reasonable basis to conclude that Katz maintained control of the means and results of claimant's work and, accordingly, the Board's determination is supported by substantial evidence (see Matter of Ramirez [Propoint Graphics LLC-Commissioner of Labor], 127 AD3d 1295, 1296-1297 [2015]; Matter of Limperis [Aufbau Trust-Commissioner of Labor], 9 AD3d 762, 762 [2004]; compare Matter of Crahan [Progress Rail Servs. Corp.-Commissioner of Labor], 116 AD3d 1277, 1278 [2014]).
Egan Jr., J.P., Clark, Pritzker and Colangelo, JJ., concur.
ORDERED that the decisions are affirmed, without costs.