Matter of Paka (Same Day Delivery Inc.--Commissioner of Labor) (2023 NY Slip Op 00704)

Matter of Paka (Same Day Delivery Inc.--Commissioner of Labor)

2023 NY Slip Op 00704

Decided on February 9, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 9, 2023

533634
[*1]In the Matter of the Claim of Jacques Paka, Respondent. Same Day Delivery Inc., Appellant. Commissioner of Labor, Respondent.

Calendar Date:January 9, 2023

Before:Egan Jr., J.P., Clark, Pritzker, Ceresia and Fisher, JJ.

Morgan Cosentino, Glens Falls, for appellant.
Bruce Evans Knoll, Albany, for Jacques Paka, respondent.
Letitia James, Attorney General, New York City (Mary Hughes of counsel), for Commissioner of Labor, respondent.

Pritzker, J.
Appeal from two decisions of the Unemployment Insurance Appeal Board, filed December 14, 2020, which ruled that claimant was entitled to receive unemployment insurance benefits.
Same Day Delivery, Inc. is a logistics company that, among other things, recruits delivery drivers to provide delivery services for its clients who seek to transport their products to their respective customers. In June 2012, claimant, who had been engaged as a delivery driver for Same Day for many years, applied for unemployment insurance benefits. In November of that same year, the Department of Labor issued a determination finding that claimant was an employee of Same Day for purposes of unemployment insurance benefits and that Same Day was liable for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated beginning with the first quarter of 2011. Same Day objected, and, following hearings, an Administrative Law Judge, in two decisions, sustained the Department's determination. In a combined 2018 decision, the Unemployment Insurance Appeal Board overruled the Department's initial determination, finding instead that claimant and others similarly situated were independent contractors. In two identical decisions filed on December 14, 2020, and upon the Commissioner of Labor's successful request to reopen and reconsider the 2018 decision, the Board rescinded its 2018 decision and sustained the Department's initial determination finding an employment relationship as to claimant and others similarly situated. Same Day appeals.
We affirm. Initially, we reject Same Day's suggestion that the Board improperly granted the Commissioner's application to reopen and reconsider the 2018 decision. "[A] decision as to whether to grant an application to reopen a decision is within the sound discretion of the Board and, absent a showing that it abused that discretion, its decision will not be disturbed" (Matter of Leone [Woodmere Florist, Ltd.-Commissioner of Labor], 180 AD3d 1124, 1125 [3d Dept 2020] [internal quotation marks and citation omitted]; see Labor Law § 534; 12 NYCRR 463.6 [a]). Here, Same Day's bare allegations are insufficient to support its arguments regarding the Board's granting of the application to reopen and reconsider its prior decision, and our review of the record does not disclose an abuse of the Board's discretion in this regard (see Matter of Shaw [Commissioner of Labor], 197 AD3d 1451, 1451 [3d Dept 2021]).
Turning to the Board's determination as to claimant's status, "[w]hether an employment relationship exists within the meaning of the unemployment insurance law is a question of fact, no one factor is determinative and the determination of the Board, if supported by substantial evidence on the record as a whole, is beyond further judicial review" (Matter of Thomas [US Pack Logistics, LLC-Commissioner of Labor], 189 AD3d 1858, 1859 [3d Dept 2020] [internal quotation marks and citations omitted]; see Matter [*2]of Jung Yen Tsai [XYZ Two Way Radio Serv., Inc.-Commissioner of Labor], 166 AD3d 1252, 1253 [3d Dept 2018]). This is so even where there is record evidence that would have supported a contrary conclusion (see Matter of Thomas [US Pack Logistics, LLC-Commissioner of Labor], 189 AD3d at 1859). "Substantial evidence is a minimal standard that demands only such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (Matter of Blomstrom [Katz-Commissioner of Labor], 200 AD3d 1232, 1233 [3d Dept 2021] [internal quotation marks and citations omitted]; see Matter of Brown [Plannernet, Inc.-Commissioner of Labor], 195 AD3d 1329, 1330 [3d Dept 2021]). "Traditionally, the Board considers a number of factors in determining whether a worker is an employee or an independent contractor, examining all aspects of the arrangement. But the touchstone of the analysis is whether the employer exercised control over the results produced by the worker or the means used to achieve the results. The doctrine is necessarily flexible because no enumerated list of factors can apply to every situation faced by a worker, and the relevant indicia of control will necessarily vary depending on the nature of the work" (Matter of Vega [Postmates Inc.-Commissioner of Labor], 35 NY3d 131, 137 [2020] [internal quotation marks, brackets, footnotes and citations omitted]; see Matter of Hawkins [A Place for Rover Inc.-Commissioner of Labor], 198 AD3d 1120, 1121 [3d Dept 2021]).
The record demonstrates that Same Day advertised for delivery drivers, screened their qualifications, and required them to maintain certain insurance levels or to purchase same from a designated provider. Same Day then met with prospective drivers to review proposed routes and discuss pay rates. According to this recruitment process, Same Day and claimant agreed to his assignment to a specific delivery route and to a fixed weekly rate of pay, regardless of the number of deliveries actually made. Same Day paid its drivers, including claimant, through a third-party administrator, with whom claimant was required to sign an agreement. In order to receive payment, Same Day further required drivers to complete and submit invoice forms, supported by manifests and similar documentation, within a specified time period. As to the completion of the assigned work, drivers were permitted to use substitute drivers, but only those who met Same Day's requirements; in the event a substitute was needed but could not be secured, Same Day could offer a substitute. Although claimant used his own vehicle for deliveries, Same Day prohibited the presence of non-essential passengers during deliveries and required notice of any accidents within a limited time period. In the event of any complaints, customers could address drivers directly, however, Same Day would field and handle any unresolved issues. Notwithstanding evidence to the contrary, we find that substantial evidence supports the Board's [*3]conclusion that Same Day exercised sufficient control over claimant to establish an employment relationship (see Matter of Sow [NY Minute Messenger, Inc.-Commissioner of Labor], 201 AD3d 1064, 1065 [3d Dept 2022]; Matter of Quesada [Columbus Mgt. Sys., Inc.-Commissioner of Labor], 198 AD3d 1036, 1037-1038 [3d Dept 2021]).
We further find that the Board also properly held that its findings of employment applied to all others determined to be similarly situated (see Labor Law § 620 [1] [b]; Matter of Sow [NY Minute Messenger, Inc.-Commissioner of Labor], 201 AD3d at 1065). " 'The factual question of whether any other individuals actually perform the same work under the same conditions has been left open for resolution in subsequently pursued cases, if there be any, and there is no prohibition to the order of the Board which in effect states that other persons must be treated in the same manner if their circumstances of work are the same as the claimant's circumstances. The principle of stare decisis dictates such a result' " (Matter of Brown [Plannernet, Inc.-Commissioner of Labor], 195 AD3d at 1332 [brackets omitted], quoting Matter of Mitchum [Medifleet, Inc.-Commissioner of Labor], 133 AD3d 1156, 1157 [3d Dept 2015]).
Egan Jr., J.P., Clark, Ceresia and Fisher, JJ., concur.
ORDERED that the decisions are affirmed, without costs.