Matter of Phillips (All Sys. Messenger & Trucking Corp.--Commissioner of Labor) (2023 NY Slip Op 02911)

Matter of Phillips (All Sys. Messenger & Trucking Corp.--Commissioner of Labor)

2023 NY Slip Op 02911

Decided on June 1, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 1, 2023

533867
[*1]In the Matter of the Claim of Moleack Phillips, Respondent. All Systems Messenger & Trucking Corp., Appellant. Commissioner of Labor, Respondent.

Calendar Date:May 4, 2023

Before:Garry, P.J., Egan Jr., Clark, Reynolds Fitzgerald and Ceresia, JJ.

Peter Fidopiastis, Glens Falls, for appellant.
Catherine A. Barber, Guilderland, for Moleack Phillips, respondent.
Letitia James, Attorney General, New York City (Dennis A. Rambaud of counsel), for Commissioner of Labor, respondent.

Garry, P.J.
Appeals from two decisions of the Unemployment Insurance Appeal Board, filed January 27, 2021, which ruled that All Systems Messenger & Trucking Corp. was liable for additional unemployment insurance contributions based on remuneration paid to claimant and others similarly situated.
All Systems Messenger & Trucking Corp. is a logistics broker that arranges transportation of time-sensitive medical materials. All Systems engages the services of delivery drivers to transport these materials and contracted with Subcontracting Concepts Inc. (hereinafter SCI) as a third-party administrator to handle payroll and other employment-related matters involving the drivers. Claimant entered into an owner/operator agreement with SCI and was hired by All Systems to pick up and deliver blood samples, entering into a written "Independent Contractor Agreement" with All Systems. Following claimant's application for unemployment insurance benefits, the Department of Labor issued initial determinations finding that claimant was an employee of All Systems and that All Systems was liable for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated. Following a hearing, an Administrative Law Judge sustained the determinations, and, in two decisions, the Unemployment Insurance Appeal Board affirmed. All Systems appeals.
We affirm. "Whether an employment relationship exists within the meaning of the unemployment insurance law is a question of fact, no one factor is determinative and the determination of the Board, if supported by substantial evidence on the record as a whole, is beyond further judicial review even though there is evidence in the record that would have supported a contrary conclusion" (Matter of Sow [NY Minute Messenger, Inc.-Commissioner of Labor], 201 AD3d 1064, 1064-1065 [3d Dept 2022] [internal quotation marks and citations omitted]; see Matter of Vega [Postmates Inc.-Commissioner of Labor], 35 NY3d 131, 136 [2020]). "Substantial evidence is a minimal standard requiring less than a preponderance of the evidence[,]" and, "if the evidence reasonably supports the Board's choice, we may not interpose our judgment to reach a contrary conclusion" (Matter of Vega [Postmates Inc.-Commissioner of Labor], 35 NY3d at 136-137 [internal quotation marks, brackets and citations omitted]). "Traditionally, the Board considers a number of factors in determining whether a worker is an employee or an independent contractor, examining all aspects of the arrangement. But the touchstone of the analysis is whether the employer exercised control over the results produced by the worker or the means used to achieve the results. The doctrine is necessarily flexible because no enumerated list of factors can apply to every situation faced by a worker, and the relevant indicia of control will necessarily vary depending on the nature of the work" (id. at 137 [internal quotation marks, brackets, citations and footnotes omitted]; [*2]see Matter of Legros [Northeast Logistics, Inc.-Commissioner of Labor], 205 AD3d 1245, 1246-1247 [3d Dept 2022]; Matter of Relay Express Inc. [Commissioner of Labor], 204 AD3d 1265, 1266 [3d Dept 2022]).
The record reflects that the owner/operator agreement authorized SCI to perform drug testing on claimant, review his driver's license and driving record, perform a criminal background check and ensure that he has certain insurance coverage. The terms of the agreement prohibited the presence of any nonessential passengers while making pickups and deliveries and required that claimant report any accidents to SCI and All Systems within four hours. Claimant had no set schedule, and he would contact All Systems when he was available to work. All Systems would then provide claimant with available assignments, and, if claimant accepted an assignment, All Systems would then provide the pickup and delivery addresses, the expected time frame of the pickup and delivery and the contact's name for All Systems' customer. Although claimant could use a substitute driver, the substitute had to meet All Systems' requirements for drivers. Claimant was required to contact All Systems when a delivery was completed and submit bills of lading or proof of delivery each week in order to get paid. Although claimant and All Systems negotiated that claimant would be paid 60% of the fees paid to All Systems by its customers for his deliveries, All Systems unilaterally set the amount of the fees charged to the customer. Claimant provided his own vehicle for the deliveries and was responsible for all expenses. Claimant was expected to have his own cell phone in order for All Systems to contact him while he was making deliveries, and he was required to abide by All Systems' confidentiality rules. All Systems provided claimant with an identification badge to wear for its customers who require one, and claimant was required to comply with a customer's reasonable instructions and to "be polite and clean and neat in appearance." All Systems fielded all customer complaints against its drivers, although it would forward the complaint on to the driver if he or she were still at the customer's location at the time of the complaint. Although certain aspects of the control exercised by All Systems were necessitated by regulatory requirements and thus, standing alone, could not establish an employment relationship (see Matter of Bogart [LaValle Transp., Inc.-Commissioner of Labor], 140 AD3d 1217, 1218-1219 [3d Dept 2016]), other aspects of control were not so required, and, in view of the foregoing, we find the Board's determination that All Systems exercised sufficient control over claimant to establish an employment relationship to be supported by substantial evidence, notwithstanding evidence in the record that could support a contrary conclusion (see Matter of Rivera [State Line Delivery Serv.-Roberts], 69 NY2d 679, 682 [1986], cert denied 481 US 1049 [1987]; Matter of Paka [Same Day [*3]Delivery Inc.-Commissioner of Labor], 213 AD3d 1050, 1053 [3d Dept 2023]; Matter of Sow [NY Minute Messenger Inc.-Commissioner of Labor], 201 AD3d at 1065).
Contrary to All Systems' contention, we find no error in the Board's finding that an employment relationship applied to those similarly situated (see Labor Law § 620 [1] [b]; Matter of Brown [Plannernet, Inc.-Commissioner of Labor], 195 AD3d 1329, 1332 [3d Dept 2021]). "As we have previously recognized, the factual question of whether any other individuals actually perform the same work under the same conditions has been left open for resolution in subsequently pursued cases, if there be any, and there is no prohibition to the order of the Board[,] which in effect states that other persons must be treated in the same manner if their circumstances of work are the same as the claimant's circumstances. The principle of stare decisis dictates such a result" (Matter of Mitchum [Medifleet, Inc.-Commissioner of Labor], 133 AD3d 1156, 1157 [3d Dept 2015] [internal quotation marks, brackets and citation omitted]). Finally, All Systems' contention that claimant is ineligible for unemployment insurance benefits because he voluntarily left his employment is not properly before us (see Matter of Khaychuk [Amazon Logistics, Inc.-Commissioner of Labor], 211 AD3d 1250, 1253 [3d Dept 2022]).
Egan Jr., Clark, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the decisions are affirmed, without costs.